OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The Appellate Division correctly determined that during the period of defendant’s detention by the Federal authorities he was unable to stand trial in Richmond County and that, therefore, the running of the 180-day limitation period for disposition of the pending indictments was tolled pursuant to article VI (a) of the Interstate Agreement on Detainers (contained in CPL 580.20) (see, United States v Roy, 830 F2d 628 [7th Cir 1987]; Young v Mabry, 596 F2d 339 [8th Cir 1979]; State v Binn, 196 NJ Super 102, 481 A2d 599, mod 208 NJ Super 443, 506 A2d 67).
Defendant’s reliance on People v Torres (60 NY2d 119) to support dismissal of the indictments is misplaced. In that case, the issue was whether the 180-day period for trial of charges pending against a defendant in Queens County should have been tolled during the defendant’s detention in Suffolk County on other charges pending against him there. Suffolk County had refused to return the defendant to Queens County despite several court orders to do so, causing the 180-day period to expire before the authorities in Queens County could bring the defendant to trial. We held that the 180-day limitation period that commenced once the defendant delivered his request for final disposition of the untried charges to the Queens County authorities (CPL 580.20, art III [a]) was not tolled during the period of his detention in Suffolk County.
*802 Central to the holding in Torres was our determination that the tolling provision of the Agreement on Detainers was not intended to operate where the defendant’s "unavailability for trial is occasioned not by the condition or conduct of the defendant but by the People of the State in their prosecutorial capacity” (People v Torres, 60 NY2d, at 126, supra [emphasis added]). Thus, our decision rested on the particular facts of that case, involving a rivalry between two counties within the jurisdiction of the same State causing "factionalism of the prosecutorial arm of the State” (People v Torres, 60 NY2d, at 127, supra). The rationale of Torres is inapplicable here, where the delay in prosecuting defendant was due not to such intrastate factionalism, but rather to the competing law enforcement interests of separate party States to the Agreement on Detainers.
During the time in question, defendant was detained by Federal authorities seeking to prosecute him on charges pending in the Northern District of Texas and the Southern District of New York. Under these circumstances, the fact that defendant has committed crimes in multiple sovereign jurisdictions may not serve to protect him against lawful prosecution by New York State. By defendant’s own conduct, he subjected himselfnto prosecution by both Federal and State authorities, rendering himself unavailable for trial in Richmond County during the time he was being prosecuted for Federal crimes and in Federal custody in Dallas and New York. Thus, the People should not be penalized for their inability to try defendant within 180 days of their receipt of his request for final disposition. As we conclude that the period of defendant’s Federal detention is not chargeable to the People, we need not decide whether the trial court should have granted the People a continuance nunc pro tunc.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order aifirmed in a memorandum.