THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE MYERS, Appellant.

Second Department, October 15, 1991

**APPEARANCES OF COUNSEL**

*Philip L. Weinstein (Susan J. Feathers* and *Wendy Davis* of counsel), for appellant.

*Charles J. Hynes, District Attorney (Jay M. Cohen, Victor Barrall* and *Amy Appelbaum* of counsel), for respondent.

**OPINION OF THE COURT**

KOOPER, J.

The defendant, Freddie Myers, was arrested on December 30, 1984, and subsequently charged by Kings County indictment with two counts of criminal possession of a weapon in the third degree. On February 14, 1985 a bench warrant was issued after the defendant failed to appear for scheduled court appearances. Shortly thereafter, on February 26, 1985, the People filed a written statement indicating their readiness for trial.

A Detective Kevin Gribbon of the Brooklyn Warrant Squad was assigned to execute the February 14, 1985, bench warrant and made several attempts to locate the defendant between March 20, 1985, and June 28, 1985. Although the defendant had provided a false name, date of birth and address when he was arrested, Detective Gribbon was nevertheless able to ascertain that the defendant at one time resided at a certain Brooklyn address. Detective Gribbon made several visits to the location, where he spoke to the defendant's mother. Gribbon left his card with the defendant's mother, who later told the detective that she informed her son that the police were looking for him but that she had not heard from him and did not know where he was. On June 28, 1985, and after exhausting all available leads, Detective Gribbon filed the bench warrant pending further information and no additional efforts were undertaken to ascertain the defendant's whereabouts.

Approximately three months later, in September of 1985, the defendant was arrested on unrelated robbery and assault charges, but identified himself as "James Cummings" (his true name) rather than as "Freddie Myers". The defendant also provided the police with a different address and date of birth from those which he had supplied when he was arrested in December of 1984. As a consequence, the February 1985 bench warrant was not lodged during the pendency of the unrelated criminal matter, which was finally disposed of in March of 1986. The defendant was ultimately arrested pursuant to the outstanding bench warrant in August of 1987.

By notice of motion dated June 19, 1988, the defendant sought dismissal of the indictment pursuant to CPL 30.30 on the grounds that the People were not ready for trial within

the statutorily prescribed six-month period *(see,* CPL 30.30 [1] [a])). In support of his application, the defendant argued, *inter alia,* that the People failed to exercise "due diligence" pursuant to CPL 30.30 (4) (c) in attempting to locate him for the period which ensued subsequent to his arrest on the unrelated crime in September of 1985. The People responded by pointing out, *inter alia,* that by answering ready for trial in February of 1985, they had discharged their statutory duty pursuant to CPL 30.30; that the "due diligence" provision of CPL 30.30 (4) (c) is inapplicable within the present postreadiness context; and that none of the postreadiness delay which occurred was attributable to prosecutorial inaction relevant to the People's continued readiness for trial. The Supreme Court denied the motion, holding, *inter alia,* that the People were not chargeable with postreadiness fault since any delays which ensued resulted from the defendant's attempts to avoid apprehension. We agree.

Pursuant to CPL 30.30 (1) (a), the People must be " 'ready for trial within six months of the commencement of a criminal action in which a felony is charged' " *(see, People v McKenna,* 76 NY2d 59, 62; *People v Anderson,* 66 NY2d 529, 534-535; *People v Caussade,* 162 AD2d 4, 7-8). CPL 30.30 is not, however, a "true speedy trial statute which requires the trial of a felony within six months. Rather, it requires only that the People announce their readiness for the trial of a felony within that time period" *(see, People v Caussade, supra,* at 7; *People v Anderson, supra,* at 539; *cf., Matter of Randy K.,* 77 NY2d 398, 402). The Court of Appeals has "consistently construed [CPL 30.30] in light of its language and its legislative history, both of which conclusively demonstrate that this so-called 'speedy trial' statute was intended only to address delays occasioned by prosecutorial inaction" *(see, People v McKenna, supra,* at 63; *People v Anderson, supra,* at 535; *People v Worley,* 66 NY2d 523, 527).

We note that the defendant has not challenged the propriety of the People's February 25, 1985, statement of readiness. In any event, our review of the record establishes that the People's announcement comports with the requisites prescribed by the Court of Appeals, i.e., that " 'there must be a communication of readiness by the People * * * on the trial court's record * * * [which must be made] when the People are in fact ready to proceed' " *(People v McKenna, supra,* at 63, quoting from *People v Kendzia,* 64 NY2d 331, 337; *see also, People v Caussade, supra,* at 7-8). Accordingly, the People

discharged their statutory obligation by answering ready for trial within the statutorily mandated six-month period. Nor do we discern prosecutorial inaction affecting the People's continued readiness for trial subsequent to their February 25, 1985, statement.

Although CPL 30.30 (3) (b) permits a defendant to seek dismissal of an indictment on "speedy trial" grounds subsequent to the People's announcement of readiness, "[t]he rules governing postreadiness failures on the part of the People differ from those relating to prereadiness default" since with respect to the former "only delay by the People is to be considered" *(People v Anderson, supra,* 66 NY2d, at 534; *see also, People v McKenna, supra; People v Jones,* 68 NY2d 717, 718-719). Here, the delay which occurred after the People announced their readiness was not attributable to any action or dereliction of the prosecutor but rather, resulted from the defendant's having voluntarily absented himself from the proceedings. Moreover, the defendant's absence did not subsequently render the People "unready". While the defendant's absence may have " 'affected defendant's ability to proceed with trial, [it] had no bearing on the People's readiness' " *(People v McKenna, supra,* at 64, quoting from *People v Alicea,* 66 NY2d 529, 543).

Further, the defendant's reliance upon the "due diligence" requirements contained in subdivision (4) (c) of the statute is misplaced. CPL 30.30 (4) establishes the statutory methodology for the exclusion of various delays which have occurred prior to the People's announcement of readiness for trial, i.e., the subdivision relates by its express terms to the prereadiness computation of time within which the People must be ready for trial pursuant to subdivisions one and two of the statute. Where, however, the People have already announced their readiness for trial, "only delay by the People is to be considered" *(People v Jones,* 66 NY2d 529, 534). Since here, the People timely answered ready for trial and neither caused nor contributed to the delays which subsequently ensued *(cf., People v Jones,* 68 NY2d 717, 718-719, *supra),* there is no due diligence issue to be considered in assessing the People's continued readiness for trial *(see, People v Woods,* —Misc 2d —; *People v Cephas,* NYLJ, May 7, 1991, at 31, col 1; *cf., People v McKenna, supra,* at 63-64; *People v Jones,* 66 NY2d, at 534, *supra;* CPL 30.30 [3] [b]; *cf., People v Garrett,* 171 AD2d 153). To be sure, prosecutorial laxity in failing to produce a defendant who is in the People's custody

can constitute a postreadiness failure chargeable to the People *(see, People v Jones,* 66 NY2d 529, *supra; People v McKenna, supra,* at 64, 65). At bar, however, the People's inability to move the case to trial after their statement of readiness had been filed was attributable to the defendant's voluntary absence and not to "delay by the People" *(see, People v Anderson, supra,* at 534).

Finally, we decline to charge the People with postreadiness failure because the February 1985 bench warrant was not executed when the defendant was arrested on unrelated charges in September of that year. The record reveals that the People's failure to execute the bench warrant was attributable to the defendant's attempts to mislead the authorities and avoid apprehension. To charge the People with postreadiness fault within such a context would be to reward defendants who deliberately flout the court's process, and as the trial court observed, encourage the use of deception as a means of "exploiting an already overburdened criminal justice system".

We have reviewed the defendant's remaining contentions and find them to be without merit.

Accordingly, the judgment is affirmed.

HARWOOD, J. (concurring in result only). I concur in the result because it is clear to me that the delay in commencement of the defendant's trial was caused by the fact that the defendant had absconded and not by any inaction on the part of the People.

MANGANO, P. J., and SULLIVAN, J., concur with KOOPER J.; HARWOOD, J., concurs in result only in an opinion.

Ordered that the judgment is affirmed.