■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WILLS, Appellant. [607 NYS2d 409] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered June 3, 1992, convicting him of

attempted murder in the second degree, assault in the second degree, and robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the time from January 1991 to August 1991, the period during which he was held in custody in New Jersey on unrelated charges, should be charged to the People for speedy trial purposes because the People were not diligent in their efforts to obtain his presence in New York to stand trial on the charges in this case (CPL 30.30 [4] [e]). We disagree. The People filed a detainer warrant and sent a letter to the New Jersey authorities informing them of New York's desire to extradite the defendant to stand trial in New York on these charges. Thus, we find that the People were diligent in their efforts (see, People v Winfrey, 20 NY2d 138, 144; People v White, 51 AD2d 221, 223).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that the evidence is legally sufficient to establish the defendant's guilt of attempted murder beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.