■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER CROPPER, Appellant. [609 NYS2d 288] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 6, 1992, convicting him of rape in the first degree, sodomy in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by

vacating the provision directing that the term of imprisonment imposed for assault in the second degree shall be served consecutively to the terms of imprisonment imposed on the other convictions and substituting therefor a provision that the term of imprisonment imposed for assault in the second degree shall run concurrently with the other terms of imprisonment; as so modified, the judgment is affirmed.

In August 1979, the defendant raped and sodomized the complainant. A felony complaint was filed on August 27, 1979, and on April 10, 1980, the People announced their readiness for trial. At the request of the defendant the trial was adjourned a number of times and on August 18, 1980, when trial was scheduled to begin the defendant failed to appear. On August 20, 1980, a bench warrant for his arrest was issued. The defendant was arrested on an unrelated charge in Nassau County in March 1991, and the New York City Police Department was advised of the defendant's arrest and of the outstanding bench warrant on March 12, 1991. A detainer was lodged with the Nassau County authorities to prevent the defendant's release, but the People never attempted to secure the defendant's presence pursuant to CPL 560.10 (2). The defendant was tried on the Nassau County charges and, after a mistrial he was returned to New York City on July 22, 1991. The People reannounced their readiness for trial on July 29, 1991 and thereafter the defendant requested several adjournments in order to file pre-trial motions, including a motion to dismiss the indictment pursuant to CPL 30.30. The CPL 30.30 motion was filed on October 17, 1991, and the court denied the motion on February 6, 1992.

The defendant claims that the court erred in denying his CPL 30.30 motion because the bulk of the time between the commencement of the action and his trial was chargeable to the People, especially that period from August 18, 1980, when he failed to appear in court, until March 12, 1991, when the New York City Police were advised of his arrest in Nassau County. He argues that because the People did not exercise due diligence in attempting to locate him during this 11-year-period, the time cannot be excluded from the periods chargeable against them. The defendant further argues that his constitutional right to a speedy trial was violated by the delay in bringing him to trial. The defendant's constitutional claim is not preserved for appellate review since his motion to dismiss only sought relief pursuant to CPL 30.30 (see, People v Lieberman, 47 NY2d 931). In any event, an evaluation of the factors delineated in People v Taranovich (37 NY2d 442) leads

us to the conclusion that the defendant was not denied his right to a speedy trial given the fact that the bulk of the delay was caused by the defendant's "deliberate avoidance of apprehension" *(People v Morales,* 199 AD2d 284, 285; *People v Moss,* 188 AD2d 620).

The court properly denied the defendant's CPL 30.30 motion. The record reveals that the People are chargeable with less than six-months of delay from the commencement of the action until the date of trial. The time chargeable to the People includes the 22-day-period from the commencement of the action on August 27, 1979 until September 18, 1979, when the defendant requested the first of a series of adjournments. The adjournments made at the behest of the defendant are not chargeable against the People *(see,* CPL 30.30 [4] [a], [b]). The time chargeable against the defendant as a result of his requests for adjournment extended from September 18, 1979, through August 18, 1980, the date he failed to appear for trial. Equally unavailing to the defendant is his claim that the 11-year-period, from the time of his disappearance until his arrest in March 1991, is chargeable to the People because they failed to exercise due diligence in attempting to locate him. Once the People announced their readiness for trial on April 10, 1980 there was no requirement that they exercise due diligence to locate the defendant when he subsequently disappeared since the People did not cause or contribute to his absence *(see, People v Myers,* 171 AD2d 148).

The time between the defendant's arrest in Nassau County on March 11, 1991, and his ultimate return to court in New York City on July 22, 1991, is chargeable to the People since they failed to utilize the statutory procedure set forth in CPL 560.10 (2) to secure the defendant's attendance *(see, People v Bryant,* 139 AD2d 750; *People v Wojciechowski,* 132 AD2d 586). However, we find the remaining disputed time periods are not chargeable to the People.

The defendant also claims that his guilt of criminal possession of a weapon in the fourth degree was not proven beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

It was not improper for the trial court to sentence the defendant to consecutive terms of imprisonment on his convictions for rape and sodomy in the first degree. The record reveals that each act of rape and sodomy constituted a separate and distinct act *(see, People v Patterson,* 165 AD2d 886;

*People v Scattareggia,* 152 AD2d 679). However, as correctly conceded by the People, the defendant's sentence for assault in the second degree must be made to run concurrently with his other sentences, since his conviction on that charge was predicated on the same acts which gave rise to the convictions for rape and sodomy *(see, People v Counts,* 97 AD2d 772). In all other respects, the defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.