■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS CEPHAS, Appellant. [616 NYS2d 668] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered May 20, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant moved pursuant to CPL 30.30 (4) (c) to dismiss the charges against him on the ground that the People failed to bring the case to trial within 180 days. He contends that since he failed to appear in the court for the first day of trial, necessitating the issuance of a bench warrant, the prosecution had the burden of showing that they had exercised due diligence in locating him during the period he absented himself from the proceedings, in order to avoid dismissal on speedy trial grounds. However, once the People have announced their readiness for trial, there is no requirement that they exercise due diligence to locate the defendant when he has voluntarily absented himself from the proceedings, since the People did not contribute to the delays, and thus, the failure to proceed to trial had no bearing on the People's readiness (see, People v McKenna, 76 NY2d 59, 64; see also, People v Cropper, 202 AD2d 603; People v Myers, 171 AD2d 148, 151). The record indicates that the prosecution first announced their readiness for trial on October 10, 1990, and that the defendant voluntarily absented himself on January 9, 1991. Under the circumstances, the prosecution was not required to justify the delay in bringing the matter to trial, and the court correctly denied the defendant's motion.

Further, the court's statements during the defense counsel's questioning and during proceedings outside the presence of the jury were proper. During both the examinations and argument on motions, the defense counsel repeatedly challenged the court's ruling, provoking the court's comments that either the defense counsel control her behavior or she would be held in contempt. Thus, the court's comments were the result of the defense counsel's tactics and did not constitute reversible error (see, People v Gonzalez, 38 NY2d 208; see also, People v Meade, 198 AD2d 307).

Contrary to the defendant's contention, the defendant failed to sustain his burden of showing that the police officers who did not testify were knowledgeable about a material issue pending in the case, therefore, the trial court did not err in refusing to provide a missing witness charge to the jury (see, People v Kitching, 78 NY2d 532, 536; see also, People v Gonzalez, 68 NY2d 424, 428).

The remarks by the prosecutor in the summation were fair comment on the evidence and constituted legitimate responses to the defense counsel's summation *(see, People v Galloway,* 54 NY2d 396; *see also, People v Ashwal,* 39 NY2d 105).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Balls,* 69 NY2d 641; *People v Udzinski,* 146 AD2d 245) or without merit. Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.