■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN WILLIAMS, Appellant. [646 NYS2d 142] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered January 10, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30 because several periods of delay after the People announced their readiness for trial should have been charged to the People. We disagree. Contrary to the defendant's contention, the record supports the court's conclusion that the People diligently attempted to secure his presence in court while he was incarcerated on unrelated charges, first in Nassau County, and then in New Jersey. Accordingly, the court properly declined to charge the People for the delay attributable to the defendant's incarceration on these unrelated charges (see, CPL 30.30 [4] [e]; *People v Anderson,* 66 NY2d 529, 540; *People v Wills,* 201 AD2d 519). Moreover, there is no merit to the defendant's claim that the court should have charged the People with an additional period of postreadiness delay because they did not make diligent efforts to locate him after a bench warrant for his appearance was issued. Once the People have announced their readiness for trial, "there is no requirement that they exercise due diligence to locate the defendant when he has voluntarily absented himself from the proceedings, since the People did not contribute to the delays" *(People v Cephas,* 207 AD2d 903; see also, *People v McKenna,* 76 NY2d 59; *People v Cropper,* 202 AD2d 603). In addition, the court properly excluded the delay between September 29, 1989, and November

17, 1989, in excess of the seven day adjournment requested by the People on September 29, 1989 *(see, People v Bailey,* 221 AD2d 296; *People v Urraea,* 214 AD2d 378), as well as the one month period given to defense counsel to prepare his speedy trial motion *(see,* CPL 30.30 [4] [a]; *People v Brown,* 136 AD2d 715).

The defendant's further claim that he was deprived of his constitutional right to a speedy trial is unpreserved for appellate review *(see, People v Lieberman,* 47 NY2d 931; *People v Wait,* 226 AD2d 278; *People v Cropper, supra).* In any event, after a consideration of the factors delineated in *People v Taranovich* (37 NY2d 442), we find that the defendant was not denied a speedy trial since much of the delay resulted from his deliberate avoidance of apprehension *(see, People v Cropper, supra; People v Morales,* 199 AD2d 284), and there is no indication that the defense was impaired by reason of the delay *(see, Barker v Wingo,* 407 US 514, 530; *People v Penna,* 203 AD2d 392).

The defendant's assertion that reversal is required pursuant to *People v Rosario* (9 NY2d 286) because the prosecution failed to preserve and turn over a police "DD-5 report" is without merit. Since the subject report was prepared by a witness who did not testify at trial and since there is no evidence that it contained a statement by any witness who did testify, it did not constitute *Rosario* material *(see,* CPL 240.45 [1] [a]; *People v Wilson,* 210 AD2d 520, 521; *People v Bowman,* 191 AD2d 225). Moreover, the late disclosure of the undercover officer's handwritten notes does not warrant reversal since the defendant has failed to demonstrate that he was substantially prejudiced by the delay *(see, People v Banch,* 80 NY2d 610, 617; *Matter of Rashawn F.,* 210 AD2d 405).

The defendant's remaining contentions are without merit. Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.