■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY COPLIN, Respondent. [654 NYS2d 150] —Appeal by the People from an order of the County Court, Westchester County (Cirigliano, J.), entered July 9, 1996, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment on statutory speedy trial grounds.

Ordered that the order is reversed, on the law, the indictment is reinstated, the branch of the defendant's omnibus motion which was to dismiss the indictment on statutory speedy trial grounds is denied, and the matter is remitted to the County Court for disposition of the remaining branches of the defendant's motion, and for further proceedings.

The defendant was arraigned on the indictment on November 3, 1993, at which time the People announced that they were ready for trial. On May 27, 1994, the County Court (West, J.), after the conclusion of certain hearings, and in the presence of defendant and counsel, set May 31, 1994, as the date for trial. The defendant then fled the jurisdiction, arriving at what he now asserts was his residence located in Roxbury, Massachusetts, no later than May 31, 1994, the day his trial in New York was supposed to begin.

The County Court (West, J.) immediately ordered that the defendant's bail be forfeited, and that a warrant for the defendant's arrest be issued. It was apparently pursuant to this warrant that the defendant was eventually detained in Boston, Massachusetts, on February 9, 1996, after his arrest on an unrelated charge. The defendant waived extradition and was returned to New York on April 15, 1996.

In a subsequent motion for assorted relief, the defendant successfully sought to exploit the period of time which he had spent as a fugitive from justice in constructing a basis for his argument that the People had failed to respect his statutory right to a speedy trial (CPL 30.30). In reliance on *People v Bolden* (81 NY2d 146), *People v Anderson* (66 NY2d 529), and *People v Roberts* (176 AD2d 1200), the County Court (Cirigliano, J.) held that where, as here, the People are in possession of an address which later proves to have been the location where the defendant was hiding, they have an affirmative duty, even after they have announced their readiness for trial, to search for the fugitive defendant, using such address as the starting point (*see, People v Davis,* 205 AD2d 697; *cf., People v Torres,* 88 NY2d 928). The County Court held that the People's failure to prove their exercise of due diligence in fulfillment of this duty warranted dismissal of the indictment pursuant to CPL 30.30. We reverse.

In *People v Bolden (supra),* the Court of Appeals held that, even following the Legislature's enactment of certain ameliorative amendments (L 1984, ch 670), the language of the statute was such that the ability of the People to avail themselves of the speedy trial exclusion set forth in CPL 30.30 (4) (c), relating to fugitive defendants who are or become absent or unavailable, remained to some extent dependent on their ability to demonstrate their due diligence in searching for such defendants. However, *People v Bolden (supra)* was a case involving pre-readiness delay, that is, a case where "the People did not declare their readiness on the record at any point during [the relevant] period" (*People v Bolden, supra,* at 149; *see also,*

*People v Luperon,* 85 NY2d 71). This Court has consistently stated that the due diligence requirement of CPL 30.30 (4) (c) does not apply in the case of a defendant who flees *after* the People have announced their readiness for trial (*see, People v Williams,* 229 AD2d 603; *People v Cephas,* 207 AD2d 903; *People v Cropper,* 202 AD2d 603; *People v Myers,* 171 AD2d 148; *see also, People v Lopez,* 170 Misc 2d 278). Application of this rule does not vary depending on whether the People have in their possession a "last known address" for the defendant, or on whether such a "last known address" later turns out to be the place to which the defendant, in fact, fled. Whether a defendant's location is, or should be, "known" as opposed to "unknown" may be relevant to the application of CPL 30.30 (4) (c). However, as we held in *People v Myers (supra),* and the other cases cited above, the due diligence requirement contained in this subdivision has no application to post-readiness delays. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.