OPINION OF THE COURT
Nicholas Lacovetta, J.
The issue presented in this case is whether the due diligence *391 requirement of CPL 30.30 (4) (former [c])[1] applies in a post-readiness situation when a defendant warrants and the People did not cause or contribute to his absence.
Defendant moves to dismiss the indictment because he was denied his right to a speedy trial pursuant to CPL 30.20 and 30.30 (1) (a).
The defendant was arrested and arraigned on a felony complaint on May 19, 1993. The People had six months from that date, or 184 days, within which to answer ready (People v Stiles, 70 NY2d 765; People v Lomax, 50 NY2d 351).
On June 18, 1993 the defendant was arraigned on the indictment. On January 7, 1994 the People answered ready for a Mapp hearing which was held later that same day and resulted in the denial of defendant’s suppression motion. The case was subsequently adjourned to February 1, 1994 and March 8, 1994. The People answered ready on both dates. A bench warrant was stayed on March 8, 1994 and issued on March 29, 1994 after the defendant again failed to appear. The People also answered ready on March 29, 1994. The defendant returned voluntarily on the warrant on October 31, 1997.
Since, as seen infra, the period chargeable to the People before the issuance of the warrant and after the defendant’s return totals only 66 days, the determinative factor in defendant’s motion is the period between March 29, 1994 and October 31, 1997.
DEFENSE ARGUMENT
The defendant attempts to exploit his absence by conferring the People with actual knowledge of his whereabouts during the above period. His attorney’s affirmation asserts that since defendant’s immigration attorney informed the F.B.I. “in March 1997 exactly where and how law enforcement could locate Mr. Ramirez”, the People are responsible for failing to exercise due diligence in locating defendant from March 1997 until his voluntary surrender on October 31, 1997 (defense attorney’s affirmation, at 2).
The court notes that when defendant voluntarily surrendered on October 31, 1997, his then attorney informed the court that defendant now lived in the State of Massachusetts, had since married a person named Edna Roa and gave Jose Roa as defendant’s true name. The latter transcript also revealed that *392 the defendant simply stopped coming to court on the present case and moved to Massachusetts at a time when he knew the case was still pending. The court also notes that defendant’s original N.Y.S.I.D. sheet, generated at the time of his 1993 arrest in this case, identified him only as Rafael Ramirez with a Manhattan address. No other name, alias or address was listed.
CPL 30.30
CPL 30.30, despite its label, is not a true speedy trial provision because it requires only that the People be ready for trial within a prescribed time frame and not that the defendant actually receive a speedy trial (see, People v Sinistaj, 67 NY2d 236, 239 [1986]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.20, at 151, CPL 30.30, at 167 [comparing, CPL 30.20, with CPL 30.30]).
Prereadiness and postreadiness delays are regulated by different rules (see, People v Anderson, 66 NY2d 529, 534 [1985]; compare, CPL 30.30 [1], [2], [4], with CPL 30.30 [3] [b]).
The due diligence requirement of CPL 30.30 (4) (former [c]) by its terms concerns itself with prereadiness delay during the period within which the People must announce their readiness for trial pursuant to CPL 30.30 (1) and (2). It has nothing to do with postreadiness delay. The latter, by contrast, is regulated by CPL 30.30 (3) (b) which concerns itself with postreadiness delay caused solely by the People (People v Anderson, supra, at 536).
When analyzing postreadiness delay, the only concern is delay caused by the prosecution (People v Anderson, supra, at 534). Postreadiness delay should not result in the dismissal of a criminal action if the delay, “although it affected defendant’s ability to proceed with trial, had no bearing on the People’s readiness” (People v Anderson, supra, at 534). Unlike the situation in prereadiness delay, it is generally the burden of the defendant, not the People, to demonstrate that postreadiness delays are chargeable to the prosecution (People v Cortes, 80 NY2d 201, 215).
The defendant absented himself on March 8, 1994 knowing that his suppression motion had been denied and that the People answered ready for trial at his last appearance on February 1, 1994. His attorney’s affirmation does not allege that defendant’s absence was involuntary. It does not claim, for example, that the defendant had been rearrested or incarcerated at any time during the period the warrant was outstanding.
*393 While it is true that the People must maintain their readiness for trial once they satisfy their initial burden of answering ready under CPL 30.30 (1) and (2) (People v Anderson, supra, at 536), there is nothing in defendant’s affirmation suggesting that the People would not have been ready for trial if defendant had appeared on March 8 or 29, 1994. The People are generally not required to declare their readiness repeatedly throughout the pendency of a criminal action (People v Cortes, supra, at 214). The trial could have even proceeded in defendant’s absence if he had been properly forewarned (see, People v Parker, 57 NY2d 136 [1982]).
The People previously answered ready for trial before the warrant and again when it was stayed and then issued. Since the defendant was not incarcerated due to a subsequent arrest, the People did not cause or contribute to his absence by failing to produce him. Defendant’s absence could affect only his own but not the People’s trial readiness (People v Anderson, supra, at 543).
Although this court could find no First Department appellate decisions addressing this precise issue,[2] there are several Second Department appellate decisions which state that due diligence is not required in a postreadiness context when a defendant is not rearrested and the People did not cause or contribute to his absence (see, People v Coplin, 236 AD2d 552 [1997], lv denied 90 NY2d 856; People v Williams, 229 AD2d 603 [1996], lv denied 89 NY2d 931; People v Cephas, 207 AD2d 903 [1994]; People v Cropper, 202 AD2d 603 [1994], lv denied 84 NY2d 824; People v Myers, 171 AD2d 148 [1991], lv denied 79 NY2d 922).
While its earlier decisions concerning an absent defendant who is not incarcerated addressed due diligence only in the context of prereadiness not postreadiness delay (see, People v Bolden, 81 NY2d 146 [1993]; People v Luperon, 85 NY2d 71 [1995]), the latest pronouncement in this area by our State’s highest Court confirms the position expressed by the Second Department (supra) by expressly stating that Bolden (supra) “relates to the prereadiness computation of time” but “where the People have already made an effective declaration of readiness, no comparable ‘due diligence’ requirement exists” (see, People v Carter, 91 NY2d 795, 799, n).
Accordingly, the entire period between March 29, 1994 and October 31, 1997 is excludable regardless of any due diligence *394 by the People to locate the defendant during this postreadiness period.
Defendant’s motion to dismiss pursuant to CPL 30.30, therefore, is denied.

. This case predates the amended version of CPL 30.30 (4) (c) (L 1996, ch 631).

. People v Daniels (217 AD2d 448 [1st Dept 1995]) concerned an absent defendant who, unlike here, was incarcerated.