OPINION OF THE COURT
John Cataldo, J.
The People move to reargue this court’s decision and order dated January 7, 2000, granting dismissal of the indictment pursuant to CPL 30.30 (1) (a). Defendant has filed an affirmation in opposition. A motion for leave to reargue should be *395 granted where there is a showing that some decision or principle of law, which would have had a controlling effect, was overlooked or misapplied by the court, or upon a showing that there was a misapprehension of the relevant facts. (Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979]; CPLR 2221.)
The People seek to reargue the chargeability of the period from December 22, 1997 to February 5, 1998. On December 22, 1997, a bench warrant was issued for the defendant’s arrest. On December 12, 1997, prior to the issuance of the bench warrant, the defendant was arrested in New Jersey. The defendant was incarcerated in New Jersey during the entire period of the bench warrant’s pendency, until his return to court on September 8, 1999. The People do not contend that any efforts were made to seek to locate the defendant until they learned of his incarceration in New Jersey on February 5, 1998.
Upon reargument, the People maintain that the period from December 22, 1997 to February 5, 1998 is excludable pursuant to CPL 30.30 (4) (e). As defense counsel correctly notes in her responding affirmation, the People had previously asserted that this period was excludable pursuant to CPL 30.30 (4) (c) (ii) because a bench warrant was outstanding and the defendant’s location was unknown. This court ruled the People could not avail themselves of the CPL 30.30 (4) (c) (ii) exclusion because the defendant was incarcerated during the pendency of the warrant and no due diligence had been alleged for this period.
In 1996, the Legislature amended CPL 30.30 (4) (c) by creating paragraph (c) (ii) in order to eliminate the need to exercise diligence where a bench warrant is issued after a defendant fails to appear in court. However, CPL 30.30 (4) (c) (ii) expressly exempted from its coverage those defendants who are in custody on other matters. Consequently, subdivision (4) (c) (ii), which was created to address those defendants who deliberately flee the court’s jurisdiction or flout the court’s order for a defendant’s return to court, is not applicable where a defendant is involuntarily confined. Therefore, in the prereadiness situation, if a defendant is in custody, whether in this State or another jurisdiction, the People must meet the requirements of CPL 30.30 (4) (c) (i), by demonstrating that the defendant is either absent or unavailable, in order to obtain an exclusion.
I find it is appropriate to entertain the People’s motion to reargue the chargeability of this time period. Upon review of the relevant facts, it appears I ruled upon this period under a *396 prereadiness rationale, however, this period should have been determined under postreadiness analysis. The People announced their trial readiness before this defendant was ever in custody in New Jersey. Therefore, it is incumbent upon the court to reexamine the chargeability of this time period. The issue is whether the People must exercise due diligence to locate a nonabsconding defendant, in custody in another State, in a postreadiness context.
The Second Department has repeatedly held that the People need not exercise due diligence to locate a defendant who flees or voluntarily absents himself from the proceedings after the People have announced their trial readiness. (People v Coplin, 236 AD2d 552 [2d Dept], lv denied 90 NY2d 856 [1997]; People v Williams, 229 AD2d 603 [2d Dept], lv denied 89 NY2d 931 [1996]; People v Cephas, 207 AD2d 903 [2d Dept], lv denied 84 NY2d 1010 [1994]; People v Cropper, 202 AD2d 603 [2d Dept], lv denied 84 NY2d 824 [1994].) The rationale underlying these cases is that a defendant’s voluntary absconding does not affect the People’s ability to proceed to trial. Although these cases deal with absconding defendants, the Second Department has made the broad statement that the due diligence requirements of CPL 30.30 (4) (c) are inapplicable to postreadiness delays. (People v Coplin, supra.)
On the other hand, it is well established that if a defendant is incarcerated in our jurisdiction, or if the People are aware the defendant is incarcerated in another jurisdiction, the People must be diligent in attempting to obtain the defendant’s presence for trial, despite their prior statement of readiness. (People v Anderson, 66 NY2d 529, 539-540 [1985].) Hence, Anderson has imposed the requirements of CPL 30.30 (4) (e) through CPL 30.30 (3) (b) in the postreadiness context. (See, People v Anderson, at 540.) CPL 30.30 (4) (e) is employed in the postreadiness context because, where the People know the defendant to be in custody but fail to produce him, their ability to proceed to trial is said to be actually implicated. (See, People v McKenna, 76 NY2d 59, 64 [1990].) Since the People have it within their means to petition another State for the defendant’s return to our jurisdiction, the burden is placed upon them to act diligently in facilitating the defendant’s return.
The question remains whether the People must exercise due diligence in the postreadiness situation to locate a defendant who does not flee, but is instead, unknown to the People, incarcerated in another jurisdiction under his own name. The Court of Appeals most recently has addressed the postreadi *397 ness due diligence question in People v Carter (91 NY2d 795, 799, n [1998]). The defendants in Carter failed to appear in court after being notified by mail sent to their last known addresses of the date and place for their arraignments. The Court, in a footnote, stated that: “Defendants argue that under People v Bolden (81 NY2d 146), the People were required to exercise ‘due diligence’ in locating them in order to obtain an exclusion of the period of arraignment delay. Bolden, however, relates to the prereadiness computation of time within which the People must be ready for trial. Here, where the People have already made an effective declaration of readiness, no comparable ‘due diligence’ requirement exists.” (People v Carter, at 799, n.)
Bolden (supra) dealt with the situation where a bench warrant had been issued after the defendant had voluntarily failed to appear in court. Thus, Carter (supra) clearly ratifies the line of Second Department cases finding no due diligence obligation in a postreadiness situation where a defendant flees or voluntarily fails to appear in court when required to do so. However, Bolden did not address the specific situation currently before this court where a defendant cannot voluntarily appear because he is incarcerated in another State.
Does the rationale of the footnote in Carter (supra) extend to those postreadiness situations where a defendant, unknown to the People, is incarcerated in another State? The resolution of this question turns on whether the People’s failure to exercise due diligence to locate a defendant incarcerated in another State is the cause of, or contributes to, the defendant’s continuing absence, thereby effecting the People’s ability to proceed to trial under the Anderson standard; or whether, instead, the People’s ability to proceed is only implicated if the People are on actual notice of the defendant’s incarceration in another State. In his Practice Commentaries to the Criminal Procedure Law, Peter Preiser takes the position that, after Carter, an announcement of trial readiness obviates the need for the People to exercise due diligence under CPL 30.30 (4) (c). (See, Preiser, 1998 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1999-2000 Interim Pocket Part, at 38-39.)
In light of Carter (supra), I likewise conclude that, in the postreadiness context, the People’s failure to attempt to locate a defendant who, unknown to the People, is actually incarcerated in anothiy State, does not affect the People’s continuing readiness. The case law does not support putting this onus on the People in the postreadiness context. Therefore, the People *398 do not have a CPL 30.30 (4) (c) (i) duty to locate the defendant. Only if the People actually learn of the defendant’s incarceration, whether by notice from the defendant, the other State, or through their own investigations, would the requirements of Anderson (supra) and CPL 30.30 (4) (e) need to be met for the time to be excluded.
Accordingly, these 45 days are not chargeable to the People. In light of the court’s determination, the People are currently charged with 170 days of includable time.
Consequently, a due diligence hearing is necessary to determine the chargeability of the period from the time the People learned of defendant’s incarceration in New Jersey until the defendant’s return to this court: February 5, 1998 to September 8, 1999.