■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOMENICK BRUNO, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENT RENDINO, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOMENICK BRUNO, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENT VIGNOLA, Respondent. [752 NYS2d 34] —Order, Supreme Court, Bronx County (Alexander Hunter, J.), entered on or about October 24, 2000, which granted motions by defendants Domenick Bruno and Vincent Rendino to dismiss Indictment 80/98, pursuant to CPL 30.30, and motions by defendants Domenick Bruno and Vincent Vignola to dismiss Indictment 2090/99 on the same basis, unanimously modified, on the law and the facts, Indictment 80/98 reinstated, and the matter remanded for further proceedings, and otherwise affirmed.

CPL 30.30 (1) (a) requires the People to be ready for trial within six months of the commencement of a criminal action in which a felony is charged (*People v McKenna*, 76 NY2d 59, 62; *People v Myers*, 171 AD2d 148, 150, *lv denied* 79 NY2d 922). The Court of Appeals, in considering the requirements of CPL 30.30, "has consistently construed it in light of its language and its legislative history, both of which conclusively demonstrate that this so-called 'speedy trial' statute was intended only to address delays occasioned by prosecutorial inaction" (*People v McKenna, supra* at 63; *People v Anderson*, 66 NY2d

529, 535 ["the history of its adoption makes evident that it addresses only the problem of prosecutorial readiness, and is not a speedy trial statute in the constitutional sense"]; *People v Myers, supra* at 150 ["CPL 30.30 * * * 'requires only that the People announce their readiness for the trial of a felony within that (six-month) time period'"]; *see also People v Daniels*, 217 AD2d 448, *appeal dismissed* 88 NY2d 917).

The indictments herein arise out of two separate brawls which occurred in the Bronx in 1997 and 1999. Indictment 80/98 accuses defendant Domenick Bruno of attempted assault in the second degree, criminal possession of a weapon in the fourth degree, assault in the second degree, and of acting in concert with defendant Vincent Rendino to commit assault in the first degree, gang assault in the first degree, assault in the second degree, and four counts of criminal possession of a weapon in the fourth degree, and accuses Rendino of two counts of attempted assault in the second degree and two counts of criminal possession of a weapon in the fourth degree. Indictment 2090/99 accuses defendants Bruno and Vincent Vignola of acting in concert to commit the crimes of assault in the first degree, attempted assault in the first degree, four counts of assault in the second degree, assault in the third degree, two counts of menacing in the second degree, and two counts of criminal possession of a weapon in the fourth degree.

The statutory six-month period is computed in calendar months and, as a result, it is not necessarily 180 days (*see People v Cortes*, 80 NY2d 201). In the matter at bar, the parties agree that the statutory period is 182 days under Indictment 80/98 and 184 days under Indictment 2090/99. The motion court, in rendering its decision, noted that the latter indictment (2090/99) joined the earlier indictment in April 1999 and all adjournments are treated the same thereafter. The court charged 205 days as to Bruno and 191 days as to Rendino under Indictment 80/98, and 251 days as to both Bruno and Vignola under Indictment 2090/99, and dismissed both indictments. We disagree as to Indictment 80/98 and, accordingly, reinstate that indictment.

Initially, the People dispute the charge of five days for the interval of July 7, 1999 to September 7, 1999. The record indicates that the People requested a five-day adjournment and accepted Bruno's concession that no more than five days should be charged. In motion papers, however, Bruno's counsel conceded that no time should be charged under Indictment 2090/99 and, as a result, five days is now excluded as to that indictment only.

The People also contend that the delay from September 7, 1999 to September 29, 1999 was caused by defendants' motion practice and should be excluded. The focus of the proceedings on September 7 indicates that the People were unable to produce police witnesses and that they were concerned that the complainant may have recanted. Nothing in the record indicates that the adjournment was caused by pending omnibus motions and, therefore, the 22-day charge should stand.

The People maintain that the interval between September 29, 1999 and October 20, 1999 should have been excluded because it followed a decision on a motion. The People, however, requested a three-week adjournment at the time because the prosecutor was on another trial, and as a result, the 21-day charge was proper.

The People also dispute 28 days which were charged for the period of January 19, 2000 to February 16, 2000. A review of the record makes it clear that the court intended to use this adjournment to review and decide a speedy trial motion filed by Bruno, which was joined by Rendino and Vignola. Since the delay was caused by a defense motion, the time was excludable regardless of whether or not the People were ready (*see People v Osorio*, 297 AD2d 231; *People v David*, 253 AD2d 642, 647, *lv denied* 92 NY2d 948).

The People contest 23 days which were charged to them by the motion court from February 16, 2000 to March 20, 2000. A review of the record, however, indicates that the People were not ready on February 16, and at that time requested two weeks, which the court acknowledged. Accordingly, only 14 days should have been charged to the People (*see People v Bailey*, 221 AD2d 296; *People ex rel. Sykes v Mitchell*, 184 AD2d 466).

The court also charged the People 21 days for the interval of March 10, 2000 to March 31, 2000. On March 10, the People requested an adjournment to March 23, which is includable, and the court offered March 24, but Vignola's counsel had another matter on that day, so the court put the entire matter over to March 31. The People are, therefore, correct that seven days should be excluded, as they should only have been charged for the two weeks they requested and to which the motion court originally agreed.

As a result of the foregoing, Indictment 80/98 must be reinstated as the includable time for both defendants is now below the 182-day statutory threshold. Indictment 2090/99, however, was properly dismissed for even with the subtraction of those days we now find excludable, both defendants' includ-

able time remains above the 184-day threshold. Concur—Nardelli, J.P., Buckley, Rosenberger, Ellerin and Rubin, JJ.