██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MUNGRO, Appellant. [904 NYS2d 601]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered June 30, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his statutory right to a speedy trial was violated (see CPL 30.30). We reject that contention. Defendant could not be located following the robbery, and he was indicted for that crime in absentia on October 25, 2004. The People declared their readiness for trial three days later. Defendant thereafter was located in Columbus, Ohio and, on July 8, 2005, federal marshals attempted to arrest him there on an Erie County warrant that had been issued in this case. Defendant, however, crashed his vehicle into the federal marshals' vehicle and escaped. He was arrested in Ohio three days later, on July 11, 2005, and was charged in Ohio with federal and Ohio crimes as a result of injuring the federal marshals in the course of his escape. The Ohio charges were resolved on September 8, 2005, resulting in a sentence of nine months in jail. Approximately two months later, defendant was indicted by a federal grand jury for assaulting a federal agent, and the United States Attorney's Office notified the Erie County District Attorney's Office (Erie County DA) on May 3, 2006 that defendant had pleaded guilty and was awaiting sentencing. Defendant began serving his federal sentence of four years in August 2006, and in October 2006 the Erie County DA received a letter from defendant requesting that he be delivered to Erie County to resolve the instant charge. In December 2006 the Erie County DA filed a writ of habeas corpus with federal authorities seek-

ing to have defendant transferred to Erie County for trial. Defendant thereafter was brought to New York on January 4, 2007 and was arraigned the following day.

We reject the contention of defendant that the period from July 11, 2005, when he was arrested in Ohio, until January 5, 2007, when he was arraigned in Erie County, is chargeable to the People under CPL 30.30. The People have no obligation to exercise due diligence to locate a defendant "who flees *after* the People have announced their readiness for trial" (*People v Coplin*, 236 AD2d 552, 554 [1997], *lv denied* 90 NY2d 856 [1997]). Nevertheless, pursuant to CPL 30.30 (4) (e), the period of postreadiness delay during which a defendant is detained in another jurisdiction with the People's knowledge is chargeable to the People unless they have been diligent and have made "reasonable efforts to obtain the presence of the defendant for trial" (*see People v Anderson*, 66 NY2d 529, 539-540 [1985]). That obligation is predicated upon the theory that the People's "ability to proceed to trial is said to be actually implicated . . . [i.e., because] the People have it within their means to petition another State for the defendant's return to our jurisdiction, the burden is placed upon them to act diligently in facilitating the defendant's return" (*People v Myers*, 184 Misc 2d 394, 396 [2000]; *see People v McKenna*, 76 NY2d 59, 63-64 [1990]).

Here, defendant contends that the People failed to exercise the requisite diligence in obtaining his presence once they learned that he was incarcerated in Ohio based on the fact that they did not seek a writ of habeas corpus until the federal prosecution was completed. We disagree. The People were not obligated to take measures to secure defendant's presence in New York when they knew that, until defendant was prosecuted and sentenced in federal court, such measures would be futile (*see People v Gonzalez*, 235 AD2d 366 [1997], *lv denied* 89 NY2d 1093 [1997]; *see generally* CPL 580.20; *People v Vrlaku*, 73 NY2d 800 [1988]).

Defendant failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit inasmuch as there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant committed the robbery in question (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, viewing the evidence in light of the elements of the crime of robbery as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Peradotto, Carni, Lindley and Pine, JJ.