People v Daoud (2025 NY Slip Op 50452(U))

[*1]

People v Daoud

2025 NY Slip Op 50452(U)

Decided on April 7, 2025

Supreme Court, New York County

Beller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 7, 2025
Supreme Court, New York County

The People of the State of New York

against
David Daoud, Defendant.

Ind. No. 71846-24

ADA Edward Smith, The New York County District Attorney's Office, for the People.
James McQueeney, The Legal Aid Society, for the Defendant.

Beth Beller, J.

On November 20, 2024, defendant filed a motion to dismiss the instant case pursuant to Criminal Procedure Law ("CPL") §30.30(1)(a). On January 15, 2025, the People filed their response. On February 10, 2025, the Court orally denied defendant's motion. This written decision, finding 148 speedy trial days charged to the People, lays forth the reasons underlying the Court's oral decision of February 10, 2025.
BACKGROUND
Defendant stands charged with Assault in the Second Degree, in violation of Penal Law ("PL") § 120.05(2), and related charges. Defendant was arrested on February 19, 2024, and arraigned on February 20, 2024. The charges relate to an incident on February 19, 2024, where defendant is alleged to have hit his brother on the head with a wooden stick, causing a laceration.
Defendant was indicted by a New York County Grand Jury, for the instant charges. The case proceeded through omnibus motion practice and was eventually adjourned onto the trial track.
On September 18, 2024, the People filed and served a Certificate of Compliance ("COC") and a Certificate of Readiness ("COR"). 
In his motion, defendant contends that more than the permissible number of speedy trial days have elapsed and urges this Court to dismiss his case pursuant to CPL § 30.30(1)(a). The People oppose. This Court finds that, as of February 10, 2025, 148 days had elapsed.

LEGAL ANALYSIS
Certificate of Compliance
Defendant contends that the People had not fulfilled their discovery obligations prior to filing their COC and COR, rendering both documents, and all subsequent CORs, invalid. Defendant therefore concludes that the speedy trial time for the People to answer ready in the case has expired and moves this court to dismiss his case pursuant to Criminal Procedure Law ("CPL") § 30.30. The People, in turn, urge the court to find their COC and COR valid.
The CPL provides that the People shall disclose to the defense "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." See CPL § 245.20(1). CPL § 245.20(1) prescribes a detailed, non-exclusive, list of discovery materials that the People are obligated to disclose to defendant soon after the commencement of the action. In amassing and providing these materials, the law provides that the People "shall make a diligent, good faith effort to ascertain the existence of material or information discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control; provided that the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain." CPL § 245.20(2). Should the People later discover additional discoverable "material or information" subject to disclosure, they are obligated to "expeditiously notify the other party" and disclose that material. CPL § 245.60. Once the automatic discovery items are provided, service of a valid COC is a condition precedent to the People's declaration of trial readiness and serves to toll the statutory speedy trial time. See CPL § 30.30(5). If the People belatedly disclose material subject to CPL § 245 disclosure, "the court shall impose a remedy or sanction that is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure." CPL § 245.80 (emphasis added).
The Court of Appeals has analyzed the statutory structure of CPL § 245 and discussed the standard of due diligence. The Court stated that "[a]lthough the statute nowhere defines due diligence, it is a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives." People v. Bay, 41 NY3d 200, 211 (2023). The Court reasoned that any "analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented." Id. at 212. The decision clarifies, however, that while "there is no rule of 'strict liability;' that is, the statute does not require or anticipate a 'perfect [*2]prosecutor,'" good faith alone is insufficient where the court finds a lack of diligence. Id. The Court lays out multiple factors that a court should consider when assessing whether a prosecutor has acted with due diligence, including (1) the efforts that the prosecutor made to comply with CPL §245; (2) the volume of discovery "provided and outstanding" in the case at the time of the challenge; (3) whether the missing material would have been obvious to a diligent prosecutor; (4) the "complexity of the case;" (5) the prosecutor's "explanation for any discovery lapse;" and (6) how the People responded when they were informed that discovery was missing. Id. With respect to the issue of prejudice, the Court of Appeals made clear that "a defendant need not demonstrate prejudice to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations." Id. at 213.
Defendant's sole challenge to the instant COC is that, according to the defense, the People did not turn over sufficient information regarding the complainant's prior convictions. The People oppose, arguing that the list that they provided was sufficient to satisfy CPL §245.20(1)(p) put the defense on notice of the complainant's criminal history, and that the defense did not diligently confer with the prosecution in the event they desired additional information about the convictions.
CPL §245.20(1)(p) requires that the prosecution disclose a "complete record of judgments of conviction for all defendants and all persons designated as potential prosecution witnesses . . . , other than those witnesses who are experts." The parties differ on the definition of the word "complete" and what that word requires. The defense argues that "complete" requires, at minimum, the date of conviction; the statute of conviction, including the subsection; the docket number; jurisdiction; and any materials related to the conviction that are in the People's possession, custody, or control. See Defense Motion at ¶9-10. The prosecution responds that "complete" requires a list of the witness' convictions, including the statutes violated and dates of conviction. See People's Response at ¶11.
While courts of concurrent jurisdiction have differed on the definition of "complete" as it relates to this statute, this Court has been unable to find any binding precedent on this issue. Accordingly, this Court must consider the basic tenants of statutory interpretation in order to determine and give effect to the Legislature's intent. See Patrolmen's Benev. Ass'n of City of New York v. City of New York, 41 NY2d 205, 208 (1976). When the language of the statute is "clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used." Id. There are several underlying definitions here that are relevant to the interpretation of the word "complete," as it is used in this statute. CPL §1.20(13) defines a conviction as "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than on a felony complaint, or to one or more counts of such instrument." CPL §1.20(15) defines a judgment as "a conviction and the sentence imposed thereon and is completed by the imposition and entry of the sentence." When viewed in light of these definitions, the word "complete" appears to be synonymous with the word "all." In other words, the plain language of the statute requires a list of all of the witness' judgments of conviction, with each entry providing, at a minimum, the statutory section of the witness' conviction, the sentence thereupon, and the date upon and county within which that sentence was entered.
In the case at bar, the People provided, for each of their complainant's convictions, the statutory section and date of each conviction. To comply with the basic mandates of the statute under this Court's holding, therefore, the People are required also to provide the sentence entered for each conviction and the county in which that conviction was entered. The People should provide that information to the defense within 15 days of the issuance of this decision.
It does not follow, however, that this Court finds that the People acted without diligence, such that their COC and COR should be invalidated. To the contrary, the People, in the absence of any binding legal authority, sought to comply with the binding authority in existence regarding witness convictions, namely, that a list of convictions including only the date and statutory section of convictions was considered sufficient. See People v. Adeyemi, 32 AD3d 755 (1st Dept 2006). Moreover, by the time the People filed their first COC and COR, they had provided the vast majority of the discovery in this case. A review of the People's discovery list reveals that the People disclosed information that the Court would expect a reasonably diligent prosecutor to obtain and provide to the defense in this type of case; including, but not limited to, arrest reports, omniform complaints, memobooks, body worn camera footage, comprehensive police paperwork, and Giglio material. This is not a scenario where, as in Bay, the prosecutor represented in court on multiple occasions that routinely-generated documents, such as arrest reports, domestic violence incident reports, and 911 calls, did not exist, when, in fact, they did. See Bay, 41 NY3d at 215. Instead, the assigned prosecutor in the case at bar retrieved voluminous records, including both routinely-generated and case-specific documents to provide to the defense before filing their first COR. In addition to underscoring the People's attempts to comply with CPL §245, the volume of discovery provided in this case prior to the initial COC demonstrates the diligence of the assigned prosecutor in this case.
When considering the prosecution's actions as a whole, this Court finds that the People made reasonable and diligent efforts to comply with their statutory obligations under CPL §245, and the belated disclosure of more specific information regarding the witness' convictions does not invalidate the People's COC or COR. The Court of Appeal's opinion in Bay does not require a different result. By specifically stating that CPL §245 does not require a strict liability standard, and further acknowledging that "belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper," the Court of Appeals clearly contemplated situations where a belated disclosure could be made by a prosecutor exercising reasonable diligence. Bay, 41 NY3d at 212. Such is the case here. Accordingly, the Court finds the People's COC and COR filed in this case valid.
CPL §30.30
Where defendant stands charged with a felony, CPL §30.30(1)(a) requires dismissal of an indictment where the People are not ready within six months (in this case, 181 days) of the commencement of the action. A defendant making a motion pursuant to CPL § 30.30(1)(a) bears the initial burden of demonstrating, by sworn allegations, that there has been an unexcused delay greater than six months. People v. Santos, 68 NY2d 859, 861 (1986). Once shown, the burden shifts to the People to prove that the time is excludable. Id. In the instant case, defendant contends that the People have exceeded their allowable speedy trial time. For the reasons set [*3]forth below, the Court finds that 148 days have expired and therefore, defendant's motion to dismiss the indictment pursuant to CPL § 30.30 is denied.
February 20, 2024, to March 27, 2024
Defendant was arraigned in criminal court on February 20, 2024. The case was adjourned to March 27, 2024, for action of a grand jury. This period is chargeable to the People. 36 days charged (36 days total).
March 27, 2024, to April 19, 2024
By March 27, 2024, the People had not presented the case to a grand jury. The case was adjourned again for the action of a grand jury. This period is chargeable to the People. 23 days charged (59 days total).
April 19, 2024, to May 22, 2024
On April 19, 2024, the People presented evidence to a grand jury in New York County. The indictment was voted and ultimately filed. The case was adjourned to New York County Supreme Court, Criminal Term Part 32 for arraignment upon the indictment. This period is chargeable to the People. 33 days charged (92 days total). 
May 22, 2024, to July 24, 2024
On May 22, 2024, defendant was arraigned upon the instant indictment. The case was adjourned for the filing of defendant's omnibus motions and the court's decision upon that motion. This period is excludable as a period of pre-trial motion practice. CPL 30.30(4)(a). 0 days charged (92 days total).
July 24, 2024, to September 18, 2024
On July 24, 2024, the court rendered its decision and the case was adjourned for the People to file a COC. While the Court would typically find this adjournment excludable, as the adjournment would, in this Court's view, constitute a reasonable time for the People to prepare for trial [See People v. Banks, 207 NYS 3d 898 (NY Cty Sup. Ct. 2024) (Beller, J); see also People v. Aiken, 168 NYS 3d 679 at *3 (NY Cty Sup. Ct. 2022) (Kiesel, J); People v. Green, 455 NYS 2d 368 (1st Dept 1982)], the People concede that this adjournment should be chargeable to [*4]them. As it is the People's burden to demonstrate that an adjournment is excludable, the Court charges the People with this time. 56 days charged (148 days total).
September 18, 2024, to November 12, 2024
On September 18, 2024, the People filed their first COC and COR in court. The case was adjourned to November 12 for hearings and trial. As the People stated ready and, as indicated supra, this Court finds that that statement of readiness was valid, this period is not chargeable to the People. 0 days charged (148 days total).
November 12, 2024 to December 11, 2024
On November 12, 2024, the People answered ready for trial. The defense indicated that they may wish to file a speedy trial motion and requested a three-week adjournment for hearings and trial. Defendant filed a speedy trial motion on November 20, 2024. This period is excludable, as the People answered ready for trial in court. 0 days charged (148 days total).
December 11, 2024, to February 10, 2025
On December 11, 2024, the court set the instant motion schedule and adjourned the case for decision. On February 10, 2025, the Court orally rendered its decision. This adjournment is excludable. See CPL § 30.30(4)(a); People v. Bruno, 752 NYS 2d 34, 36 (1st Dept 2002). 0 days charged (148 days total).
As only 148 days have been found chargeable to the People in this case, defendant's motion for dismissal pursuant to CPL §30.30 is denied.
Dated: April 7, 2025
New York, New York
Beth Beller, A.J.S.C.