■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered April 28, 1983, convicting him of burglary in the first degree and robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

In satisfaction of indictment number 3364/82, defendant pleaded guilty to burglary in the first degree and robbery in the first degree on March 17, 1983. At the plea proceedings defendant was represented by counsel, was promised a maximum sentence of 3 to 9 years, and stated that he was pleading guilty because he was, in fact, guilty, and that no promise other than that appearing on the record had been made to induce his plea. Defendant was sentenced on April 28, 1983. He subsequently moved in this court for summary reversal of his conviction upon the ground that the minutes of sentence had been lost. By order dated November 7, 1984, his motion was denied but a reconstruction hearing was ordered. The transcript of that hearing is before us now.

On appeal defendant contends that he was entitled to a summary reversal, that he was promised a lower sentence than that received, and that the sentencing court erroneously refused to permit him to withdraw his guilty plea.

Defendant's contention that a summary reversal was warranted solely on the basis of the loss of the sentence minutes was rejected by this court upon his prior application for summary reversal and may not be raised again here. In any event, "the mere fact that minutes are not obtainable does not necessarily mean that alternative methods to provide an adequate record are not available" (People v Glass, 43 NY2d 283, 286). The reconstruction minutes satisfactorily demonstrate that genuine appealable and reviewable issues do not exist (see, People v Glass, supra). The plea minutes indicate that defendant was promised a sentence of 3 to 9 years. The recorded documents submitted at the reconstruction hearing, which consisted of the official docket book of the court, the court's personal records, and the case jackets of both defense counsel and the District Attorney's office, indicate that defendant received the bargained-for sentence. Thus, he has no basis to complain on appeal (see, People v Kazepis, 101 AD2d 816). Furthermore, the reconstruction minutes do not show that defendant moved to withdraw his guilty plea prior to sentencing, and, thus, any asserted error is unpreserved for our review on this appeal (see, People v Pellegrino, 60 NY2d 636). Moreover, assuming, arguendo, that defendant moved to withdraw his plea, he points to no appealable issues at the time of sentencing. "It is not enough to show that the sentencing transcript is missing. Rather, it is the burden of the defendant in a case, such as exists here, to demonstrate the existence of a specific appealable issue" (People v Sanchez, 75 AD2d 918, 919). Defendant has failed to raise any issue which

would have warranted permitting him to withdraw his plea *(see, People v Dixon,* 29 NY2d 55; *People v Frederick,* 45 NY2d 520).* Accordingly, we affirm. Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.