■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS COSME, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered March 25, 1982, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Following the defendant's sentencing, he moved in this court for summary reversal of his conviction on the ground that certain stenographic minutes could not be found and the court reporter who took the minutes of the pretrial hearings and trial had died before transcribing his notes. By order dated May 2, 1985, that branch of the defendant's motion seeking summary reversal was denied, but his alternate application for a remittitur of the case to the trial court for a reconstruction hearing was granted. The transcript of the reconstruction hearing and the available minutes of the suppression hearing and trial are now before us.

On this appeal, the defendant contends in his *pro se* supplemental brief, that he is entitled to a summary reversal of his conviction on the ground that the record contains errors and is missing portions of the original minutes. Our review of the reconstructed minutes, however, satisfactorily demonstrates that the hearing court, with the aid of counsel, succeeded in reconstructing the missing portions of the record in extensive detail. The court also corrected various errors contained in the available minutes of the original proceeding which were transcribed by another court reporter from the notes of the deceased stenographer. We also note that the defendant has not demonstrated the existence of any specific appealable issue, but essentially relies merely on the fact that portions of the original minutes could not be found. Accordingly, we find no merit to this contention *(see, People v Glass,* 43 NY2d 283, 286; *People v Jackson,* 115 AD2d 661).

We also find no merit to the defendant's further contention that the police identification procedures were unduly suggestive. The record indicates that the complainant positively identified the defendant as his assailant after viewing hundreds of photographs at the police precinct on the day of the robbery. Approximately three weeks after the incident, the complainant again positively identified the defendant as the person who robbed him, after viewing a photographic array consisting of six photographs. The complainant selected a photograph of the defendant from the array which was different from the photograph which he had identified on the day of the robbery. The complainant again positively identified the defendant as his assailant after viewing a lineup conducted about three weeks after he had viewed the photographic array. The photographic identification procedures employed in this case were not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" *(Simmons v United States,* 390 US 377, 384; *People v Malphurs,* 111 AD2d 266; *cf. People v Hall,* 81 AD2d 644). The court's finding that the lineup was properly conducted is also sustained by the record.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.