■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY SHARCOFF, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered October 31, 1985, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues, *inter alia,* that the count of the indictment charging him with committing the crime of burglary in the second degree was jurisdictionally defective in that it did not set forth all the material elements of the crime *(see, People v Iannone,* 45 NY2d 589, 600). We disagree. A review of the language of the relevant count indicates that it accurately tracks the language of the applicable statute (Penal Law § 140.25 [2]). Accordingly, this argument must be rejected.

The defendant also argues that (1) there was insufficient evidence adduced before the Grand Jury to sustain that count of the indictment charging him with criminal mischief in the third degree and (2) he was denied his right to a speedy trial pursuant to CPL 30.30. However, these arguments have been waived by virtue of the defendant's guilty plea *(see, People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338; *People v O'Brien,* 56 NY2d 1009, 1010). In any event, a review of the record indicates that these arguments are without merit.

We have reviewed the defendant's remaining contentions, including the alleged excessiveness of his sentence, and find them to be without merit *(see, People v O'Neil,* 111 AD2d 414). Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.