■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MARMORATO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), dated January 20, 1987, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

This appeal is from a judgment convicting the defendant of criminal possession of a weapon in the third degree under indictment No. 7043/84. At an earlier trial of charges arising from the same indictment, the jury acquitted the defendant of attempted murder in the second degree, assault in the second degree (felony assault), and reckless endangerment in the first degree, but was deadlocked and unable to reach a verdict on the second count of assault in the second degree (intentional assault), criminal possession of a weapon in the third degree, and criminal mischief in the fourth degree.

Initially we note that the defendant's reprosecution was not

barred by the doctrine of collateral estoppel. In a mixed verdict where the defendant is acquitted of some of the charges in a multicount indictment, the burden is upon the defendant to establish that an ultimate issue of fact has been finally adjudicated in his favor (Ashe v Swenson, 397 US 436; People v Goodman, 69 NY2d 32). As the record indicates that the jury could have rationally based its acquittal on the assault count upon a finding that the victim failed to sustain physical injury and not upon its conclusion that the defendant did not possess a weapon, we conclude that the issue of the defendant's possession of a weapon was not fully and finally litigated and therefore the second prosecution was not barred by the doctrine of collateral estoppel (see, People v Martino, 112 AD2d 1049, lv denied 66 NY2d 616).

With respect to the defendant's claim that the People failed to establish his possession of a sawed-off shotgun beyond a reasonable doubt, a review of the record in the light most favorable to the People reveals that the evidence was legally sufficient to sustain the defendant's conviction (see, People v Ford, 66 NY2d 428; People v Contes, 60 NY2d 620). Finally, we note that the defendant was charged with a violation of Penal Law § 265.02 (1), not Penal Law § 265.02 (4), so the People did not have to prove that the firearm was loaded. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.