■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARNELL GWYNN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree and criminal possession of a weapon in the second degree, defendant contends that the nearly two-year delay between his first and second trials deprived him of his constitutional and statutory (CPL 30.20) right to a speedy trial. We reject that contention. Shortly after a mistrial was declared in the first trial, the People's only eyewitnesses were indicted for perjury arising from their testimony at trial. Because those witnesses would not testify at defendant's second trial while the perjury charges were pending, it was necessary for the People to resolve those charges before proceeding with defendant's retrial. Defendant was free on bail during the period between trials, the nature of the charge was serious, and there is no merit to defendant's assertion that his defense was prejudiced by the delay. Upon a consideration of all relevant factors *(see, Barker v Wingo,* 407 US 514, 530; *People v Taranovich,* 37 NY2d 442, 445), we find that the court did not err in concluding that defendant's right to a speedy trial was not violated *(see, People v Singer,* 44 NY2d 241; *People v Perez,* 42 NY2d 971; *People v Brown,* 124 AD2d 667, *lv denied* 69 NY2d 825).

Viewing the record in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428), we find that the evidence is sufficient to support the jury's verdict. The record establishes that defendant chased the victim down the street and fired four shots, one of which hit the victim in the back of the head. When defendant returned to his car, he told his companions that he had hit the victim. It was reasonable to infer from those circumstances that he had an intent to kill *(see, People v Jackson,* 18 NY2d 516, 520; *People v Horton,* 18 NY2d 355, 359, *cert denied* 387 US 934).

No objection was raised to any of the claimed improprieties in the prosecutor's summation, and that issue was not preserved for our review *(see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324). In any event, the remarks were made in response to matters raised by defense counsel in his summation and constituted fair comment *(see, People v Dunn,* 158

AD2d 941; *People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895).

We have reviewed the remaining issues raised in defendant's brief and in his *pro se* supplemental brief and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree.) Present—Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.