THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT TULLOCH, Also Known as PERCY REID, Appellant.—

We find no merit to the defendant's contention that he was denied his constitutional right to a speedy trial. The five factors which are to be examined in balancing the merits of

whether a defendant has been denied his constitutional right to a speedy trial are the extent delay, the reason for the delay, the nature of the underlying charge, whether or not there has been an extended period of pretrial incarceration, and whether or not there is any indication that the defense has been impaired by reason of the delay (see, People v Taranovich, 37 NY2d 442).

Although approximately 11 years elapsed from the time of the indictment until the defendant's arraignment, all but a few days of this period are attributable to the defendant. The record indicates that the reason for the extended delay was the defendant's deliberate avoidance of apprehension (see, People v Brazeau, 162 AD2d 979; People v Liss, 131 AD2d 595; People v Shannon, 128 AD2d 395; People v Bratton, 103 AD2d 368, affd 65 NY2d 675). Further, the record indicates that the police exercised due diligence in attempting to discover the defendant's whereabouts and secure his presence for trial (see, People v McLaurin, 38 NY2d 123; People v Johnston, 111 AD2d 262). The nature of the underlying crime and the absence of any pretrial incarceration also militate against the defendant's claim. The defendant was charged with the serious crime of murder and was not incarcerated for any extended length of time before his trial (see, People v Perez, 42 NY2d 971; People v Clemente, 150 AD2d 709). The defendant has failed to demonstrate that he suffered any prejudice by reason of the delay (see, People v Gwynn, 161 AD2d 1174; People v Quinones, 126 AD2d 757).

We find no merit to the defendant's contention that the trial court erred in refusing to charge the jury on the affirmative defense of extreme emotional disturbance. The evidence adduced at trial established that the defendant was angry because his girlfriend left him. On the night of the murder, the defendant went to his girlfriend's residence and confronted her about her whereabouts earlier that evening. After speaking briefly, the defendant shot his girlfriend in the back of the head and calmly walked down the stairs. Although the defendant may have been motivated by jealousy and may have been angry when he pulled the trigger, no reasonable view of the evidence supported the conclusion that the defendant acted under the influence of extreme emotional disturbance or that there was a reasonable explanation for the defendant's disturbance (see, People v Moye, 66 NY2d 887; People v Casassa, 49 NY2d 668, cert denied 449 US 842).

The defendant's contention that the Supreme Court erred in failing to charge manslaughter in the second degree as a

lesser included offense of murder in the second degree and manslaughter in the first degree is academic. Despite the submission of the lesser included offense of manslaughter in the first degree to the jury, it nevertheless found the defendant guilty of murder in the second degree. The defendant's conviction of murder in the second degree therefore forecloses a challenge to the court's refusal to charge the more remote lesser included offense of manslaughter in the second degree *(see, People v Cahill,* 167 AD2d 411, 412).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.