■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN THORPE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered March 16, 1990, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After considering (1) the extent of the delay, (2) the reasons for the delay, (3) the nature of the underlying charges, (4)

whether or not there has been an extended period of pretrial incarceration, and (5) whether the delay has actually prejudiced the defendant, we conclude that the approximately 19-month delay between the defendant's arrest and trial did not deprive him of his constitutional right to speedy trial *(see,* CPL 30.20; *People v Watts,* 57 NY2d 299, 302-303; *People v Johnson,* 38 NY2d 271, 275-276; *People v Taranovich,* 37 NY2d 442, 444-445). The length of delay was not inherently prejudicial *(see, People v Watts, supra),* much of the delay was directly attributable to the defendant, and not the result of dilatory tactics by the People. Additionally, given the seriousness of the charges, careful preparation was necessary *(see, People v Clemente,* 150 AD2d 709). Moreover, while the defendant was incarcerated throughout the delay, he has not demonstrated that this resulted in any prejudice.

The defendant has failed to preserve for review the claimed errors in the prosecutor's summation and the court's charge. We decline to review them in the exercise of our interest of justice jurisdiction. Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.