■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALLEN MOSS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered January 24, 1991, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was deprived of his constitutional right to a speedy trial. However, since the

defendant failed to raise this issue in the County Court, his present contention is unpreserved for appellate review (see, *People v Larry*, 178 AD2d 282; *People v Woods*, 177 AD2d 731; *People v Moore*, 159 AD2d 521). In any event, after a consideration of the factors set forth in *People v Taranovich* (37 NY2d 442, 445), we find that the defendant was not deprived of his constitutional right to a speedy trial. In this regard, we note that although the record is not completely developed, much of the delay resulted from the defendant's own actions, or circumstances which were not chargeable to the People (see, *People v Thorpe*, 183 AD2d 795; *People v Rosado*, 166 AD2d 544; *People v Sirois*, 92 AD2d 618). Moreover, there was no extended period of pretrial incarceration, and there is no indication that the defense was impaired by reason of the delay (see, *People v Thorpe, supra; People v Dury*, 179 AD2d 821; *People v Tulloch*, 179 AD2d 794; *People v Rosado, supra*).

We further reject the defendant's double jeopardy contention. The defendant raised the identical double jeopardy contention in a proceeding pursuant to CPLR article 78 prior to the entry of his plea of guilty (see, *Matter of Moss v Vaughn*, 164 AD2d 958), and this Court held that that contention was without merit. The doctrine of res judicata precludes him from raising the issue again on this appeal (see, *People v Di Raffaele*, 55 NY2d 234; *People v Jontef*, 97 AD2d 828). Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.