■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINWOOD HAMMER, Appellant.—Judgment, Supreme Court,

New York County (Carol Berkman, J., on speedy trial motion; Herbert J. Adlerberg, J., at plea and sentence), rendered November 29, 1990, convicting defendant of criminal sale of a controlled substance in the second degree, and sentencing him to a term of 3 years to life, unanimously affirmed.

We find no merit to defendant's contention that he was denied his constitutional right to a speedy trial. There is ample evidence that the authorities exercised due diligence in attempting to discover defendant's whereabouts over a period of approximately two years after the filing of the accusatory instrument, and the failure of those reasonable and ongoing attempts appears to be attributable to defendant's evasive actions. Although approximately four years elapsed from the time of the indictment until defendant's arraignment thereon when the arrest warrant was executed in connection with defendant's arrest on an unrelated charge, in the circumstances herein this delay is not per se unreasonable *(see, People v Tulloch,* 179 AD2d 794, 795, *lv denied* 79 NY2d 1008). Further, the serious nature of the charge, the absence of any prearraignment incarceration, and the apparent lack of prejudice arising from the fact that defendant and the undercover narcotics officer involved would likely testify at any trial herein, militate against a finding of a constitutional speedy trial violation in this case *(supra).* Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.