■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH APPLEWAITE, Appellant. [596 NYS2d 731] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 6, 1991, convicting him of murder in the second degree and criminal possession of

a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After considering (1) the extent of the delay, (2) the reasons for the delay, (3) the nature of the underlying charge, (4) whether or not there has been an extended period of pretrial incarceration, and (5) whether the delay actually prejudiced the defendant, we conclude that the approximately 18-month delay between the defendant's arrest and his second motion to dismiss the indictment pursuant to CPL 30.20 did not deprive him of his constitutional right to a speedy trial (see, CPL 30.20; *People v Watts,* 57 NY2d 299, 302-303; *People v Taranovich,* 37 NY2d 442, 444-445). The length of delay was not inherently prejudicial (see, *People v Watts, supra; People v Thorpe,* 183 AD2d 795). Much of the delay was attributable to the defendant, and was not the result of dilatory tactics by the People. Further, although the defendant was incarcerated during the delay, the charges against the defendant were serious and required careful preparation (see, *People v Thorpe, supra).* Additionally, the defendant did not establish that he was prejudiced by the delay. We note that the defendant failed to make a sufficient showing that his sole alibi witness, who had allegedly moved out of State, was unavailable.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either without merit or unpreserved for appellate review (see, CPL 470.05 [2]). Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.