■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MORALES, Appellant. [605 NYS2d 944] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Kramer, J.), both rendered June 14, 1991, convicting him of criminal sale of a controlled substance in the second degree under Indictment No. 1827/74, and criminal sale of a dangerous drug in the third degree under Indictment No. 1841/74, upon his pleas of guilty, and imposing sentences. These appeals bring up for review, the denial, after a hearing (Rappaport, J.), of the defendant's motion to dismiss the indictments on constitutional and statutory speedy trial grounds.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that he was deprived of his constitutional right to a speedy trial. However, since the defendant abandoned this issue in the Supreme Court, his present contention is unpreserved for appellate review *(see, People v Jones,* 81 AD2d 22). In any event, after a consideration of the factors set forth in *People v Taranovich* (37 NY2d 442), we find the defendant was not deprived of his right to

speedy trial. In this regard, we note that, although there was a delay in excess of 16 years, much of the delay resulted from the defendant's deliberate avoidance of apprehension *(see, People v Tulloch,* 179 AD2d 794). Moreover, there was no extended period of pretrial incarceration, and there is no indication that the defense was impaired by reason of the delay *(see, People v Moss,* 188 AD2d 620).

Furthermore, the defendant effectively waived his right to appellate review of his statutory speedy trial claim (CPL 30.30 [4]) and his sentences *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1; *People v Sharcoff,* 137 AD2d 567). Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.