THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LAMERTIS, Appellant. [620 NYS2d 253] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 28, 1992, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

After considering the factors set forth in People v Taranovich (37 NY2d 442, 445), we find that the defendant was not deprived of his constitutional right to a speedy trial. The approximately 18-month time period which elapsed between August 21, 1990, the date of the defendant's arrest and the filing of the felony complaint, and March 3, 1992, the date of the defendant's plea of guilty, was not inherently prejudicial (see, People v Thorpe, 183 AD2d 795). Further, the record evinces that the vast majority of the delay was not chargeable to the People but, rather, was attributable to the defendant. In addition, although the defendant was indeed incarcerated for most of the 18-month period, he was initially released on bail and his subsequent incarceration was necessitated when he was rearrested two weeks later on charges of perpetrating another residential burglary. Finally, the defendant has wholly failed to demonstrate that his defense was impaired by

reason of the delay *(see, People v Taranovich, supra,* at 446). Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.