■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH ROSSI, Appellant. [620 NYS2d 465] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 22, 1991, convicting him of murder in the second degree, assault in the first degree and

criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 11, 1990, the defendant moved to dismiss the indictment on the ground that the People violated his constitutional right to a speedy trial. After considering (1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether or not there has been an extended period of pretrial incarceration, and (5) whether the delay actually prejudiced the defendant, we conclude that the approximately 17-month delay between the defendant's arrest and his motion to dismiss the indictment did not deprive him of his constitutional right to a speedy trial *(see, People v Watts,* 57 NY2d 299, 302; *People v Taranovich,* 37 NY2d 442, 445; *People v Applewaite,* 192 AD2d 616, 617). The charges against the defendant were serious and he did not establish that he suffered any prejudice because of the delay. The defendant failed to sufficiently demonstrate that his sole exculpatory witness was unavailable because of the delay. The exculpatory witness was mentioned for the first time over one year after the shooting, the defendant did not know his last name, and the witness allegedly moved out of State prior to trial *(see, People v Applewaite, supra,* 192 AD2d, at 617).

The defendant also contends that because the murder charge and a certain robbery charge were based on the same criminal transaction, the prosecution was barred pursuant to CPL 40.40 (2) from separately prosecuting these jointly prosecutable offenses. However, CPL 40.40 (2) does not operate as a bar to this prosecution because the alleged robbery occurred after the shooting, involved a different victim, occurred in a separate place, and was not part of the same criminal transaction *(see,* CPL 40.10 [2]). Furthermore, the two accusatory instruments for robbery and murder were filed in the same court *(see,* CPL 40.40 [2] [b]).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.