■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH ROSSI, Appellant. [636 NYS2d 82] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 22, 1991, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court should have precluded the testimony of a certain witness based on the doctrine of collateral estoppel. In support of his contention, the defendant asserts that he was previously acquitted after a nonjury trial for robbery in the first degree, robbery in the second degree, and unauthorized use of the vehicle, all stemming from his and his brother's commandeering, at gunpoint, the automobile of the witness for the purpose of driving to a hospital to tend to the latter's gunshot wound shortly after their flight from the shooting from which the instant murder charges arose. The trial court properly found that the acquittal on the robbery charges was based upon a finding that the defendant did not intend to deprive the complainant of his car permanently, and not, as the defendant maintains, upon a determination that no weapon

was displayed to the complainant. The trial court also properly found that the court in the prior nonjury trial did not reach the issue of justification with regard to the charge of unauthorized use of a vehicle. Therefore, it properly rejected the defendant's argument that the doctrine of collateral estoppel precluded the admission of the witness's testimony at the murder trial *(see, People v Goodman,* 69 NY2d 32, 40; *People v Acevedo,* 69 NY2d 478).

In addition, we reject the defendant's contention that because the murder charge and a robbery charge were based on the same criminal transaction, the prosecution was barred pursuant to CPL 40.40 (2) from separately prosecuting these offenses. CPL 40.40 (2) does not operate as a bar to such prosecution because the alleged robbery occurred after the shooting and at a separate location, involved a different victim, and was not part of the same criminal transaction *(see,* CPL 40.10 [2]; *People v Rossi,* 210 AD2d 511).

The defendant's remaining contention, raised in his supplemental *pro se* brief, is without merit. Bracken, J. P., Miller, Altman and Florio, JJ., concur.