■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYDELL HARRIS, Appellant. [699 NYS2d 115] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered November 18, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant killed the victim with a machete after the victim made a crude remark about the defendant's girlfriend. With his girlfriend's help, the defendant decapitated and dismembered the body and put the parts in garbage bags, which he discarded in the ocean near Coney Island. When the defendant confessed to his mother, his godmother, the police, and the District Attorney, he claimed that the stabbing was either accidental or in self-defense.

Contrary to the defendant's contention, the trial court properly declined to instruct the jury on the affirmative defense of extreme emotional disturbance. For a defendant to be entitled to such an instruction, the trial court must determine that there is sufficient credible evidence for a jury to find, by a preponderance of the evidence, that the elements of the affirmative defense have been established (*see, People v White,* 79 NY2d 900, 902-903). In considering whether a jury instruction should be given, the court must view the evidence in the light most favorable to the accused (*see, People v Watts,* 57 NY2d 299, 301).

Here, no reasonable view of the evidence supports the conclusion that the defendant acted under the influence of an extreme emotional disturbance, or that there was a reasonable explanation or excuse for such extreme emotional disturbance (*see,* Penal Law § 125.25 [1] [a]; *People v Picozzi,* 106 AD2d 413, 414). At most, the evidence showed that the defendant acted out of anger, which is not equivalent to the loss of self-control generally associated with the defense of extreme emotional disturbance (*see, People v Walker,* 64 NY2d 741; *People v McDonald,* 199 AD2d 420; *People v Tulloch,* 179 AD2d 794).

The defendant's remaining contention regarding a court officer's comment to a juror is without merit. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.