THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICOLE MAYO, Appellant. [771 NYS2d 627]—

Appeal from a judgment of the Oneida County Court (Barry Donalty, J.), rendered December 1, 2000. The judgment convicted defendant, upon a jury verdict, of criminally negligent homicide and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminally negligent homicide (Penal Law § 125.10) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that the evidence is legally insufficient to support the conviction. Initially, we note that defendant's contention is not preserved for our review because, while defendant made a motion to dismiss at the close of the People's proof, she did not renew the motion at the close of all the proof (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, the contention is without merit. The standard for reviewing the legal sufficiency of the evidence in a criminal case is whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Ficarrota*, 91 NY2d 244, 248 [1997], quoting *Jackson v Virginia*, 443 US 307, 319 [1979]). This is so "even when, as here, the evidence introduced against the defendant is circumstantial" (*id.* at 249).

Penal Law § 125.10 provides that "[a] person is guilty of

criminally negligent homicide when, with criminal negligence, he causes the death of another person." Pursuant to Penal Law § 15.05 (4), "[a] person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." The Court of Appeals has held that "[p]arents have a nondelegable affirmative duty to provide their children with adequate medical care. Thus, a parent's failure to fulfill that duty can form the basis of a homicide charge" (*People v Steinberg*, 79 NY2d 673, 680 [1992] [citations omitted]).

The evidence in this case, viewed in the light most favorable to the People, establishes that defendant's four-year-old son died because defendant did not seek medical care for his peritonitis, which set in after his broken rib punctured his intestine. Defendant's own expert testified that the child would have exhibited signs of excruciating pain, first when his rib was broken, and even more so after the peritonitis began to set in. Finally, both prosecution and defense experts agreed that peritonitis is curable if timely treated. A jury could have reasonably found on this record that defendant was criminally negligent for failing to obtain medical care for her child, who was suffering for hours before his death.

We also reject defendant's contention that County Court improperly permitted defendant to be cross-examined regarding evidence of prior child abuse. Defendant admitted during the investigation of the case that she had hit the child with a belt and wire hanger in the past. "[W]here the alleged crime occurred in the privacy of the home and the facts are not easily unraveled, evidence of prior injuries is relevant in establishing that the child's injuries were not accidental" (*People v Neer*, 129 AD2d 829, 829-830 [1987], *lv denied* 70 NY2d 652 [1987]; *see People v Henson*, 33 NY2d 63, 72 [1973]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.