■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL GUZMAN, Appellant. [773 NYS2d 888]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 26, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

"[T]here is a presumption of validity and regularity which attends all judgments of conviction (*see, People v Bell*, 29 NY2d 882 [1972]) and that presumption may only be rebutted by substantial evidence to the contrary (*see People v Harris*, 61 NY2d 9 [1983])" (*People v Andino*, 183 AD2d 834 [1992]). Moreover, "unless minutes 'have become unavailable because of any active fault on the part of the People, it does not necessarily follow from the fact that their absence compels resort to a less perfect record, that the right to appeal must be deemed to be frustrated' " (*People v Glass*, 43 NY2d 283, 285-286 [1977], quoting *People v Rivera*, 39 NY2d 519, 523 [1976]).

The defendant contends that he is entitled to summary reversal of his conviction on the ground that the record contains errors. Our review of the reconstructed minutes, however, satisfactorily demonstrates that the hearing court, with the aid of both the defense counsel and the prosecutor, succeeded in reconstructing certain errors and omissions of the record. We note that the corrections to the record were relatively minor and the defendant has not identified the existence of any specific appealable issue raised by the reconstructed minutes (*see People v Cosme*, 125 AD2d 485 [1986]). Moreover, the defendant's mere assertion, without more, that the record is incomplete is insufficient to warrant reversal (*see People v Glass, supra; People v Cosme, supra*).

The defendant's contention that he was denied the effective assistance of counsel at the reconstruction hearing is without merit.

The trial court properly excluded a hearsay statement made by the codefendant, Jennifer Mell. Contrary to the defendant's contention, he failed to establish that this statement was made "under the stress of excitement caused by an external event sufficient to still [the witness's] reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful" (*People v Edwards*, 47 NY2d 493, 497 [1979]). Consequently, this statement did not constitute an excited utterance and the trial court properly refused to admit it into evidence.

Upon the exercise of our factual review power, we are satis-

fied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.