■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS M. CHACON, Appellant. [782 NYS2d 172]—

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.) rendered June 19, 2002. The judgment convicted defendant, after a nonjury trial, of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, resisting arrest and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that the evidence is legally insufficient to support the conviction of grand larceny in the fourth degree (Penal Law § 155.30 [8]) and criminal possession of stolen property in the fourth degree (§ 165.45 [5]) because the evidence fails to establish that the value of the vehicle exceeded $100. Defendant further contends that the evidence is legally insufficient to support the conviction of criminal mischief in the fourth degree (§ 145.00 [3]) because it fails to establish that the damage to the vehicle exceeded $250. Defendant's general motion to dismiss at the close of the People's case did not preserve for our review defendant's present contentions concerning the legal sufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]). Moreover, defendant failed to renew the motion to dismiss at the close of his case (see People v Mayo, 4 AD3d 827 [2004]). In any event, his contentions are

without merit. The owner of the vehicle testified that he purchased the 1986 Honda Accord in 2001 for $1,500. At the time of the theft in December 2001, there was no damage to the vehicle and it was operable. Under the circumstances of this case, the testimony of the owner was sufficient for the trier of fact to infer, beyond a reasonable doubt, that the value of the vehicle exceeded $100 (*see People v Carter,* 19 NY2d 967, 968 [1967]; *cf. People v James,* 111 AD2d 254, 255-256 [1985], *affd* 67 NY2d 662 [1986]). The owner of the vehicle further testified that he obtained an estimate of $2,000 to repair the damage to the vehicle, although that estimate was not introduced in evidence. Nevertheless, there was testimony from several witnesses describing the extensive damage to the vehicle that was sufficient for the trier of fact to infer, beyond a reasonable doubt, that the damage to the vehicle exceeded $250.

We reject the contention of defendant that, because his written waiver of the right to a jury trial cannot be produced, the judgment must be reversed. There is a presumption of regularity that attaches to judicial proceedings, and that presumption may be overcome only by substantial evidence to the contrary (*see People v Foster,* 1 NY3d 44, 48 [2003]; *People v Guzman,* 6 AD3d 457, 458). Here, defendant failed to rebut the presumption that a written waiver of the right to a jury trial was executed (*see generally People v Andrew,* 1 NY3d 546, 547 [2003]; *People v Toro,* 186 AD2d 603, 604 [1992], *lv denied* 81 NY2d 848 [1993]). The transcript clearly indicates that defendant waived his right to a jury trial and executed a written waiver. Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.