# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**202**

**KA 09-01366**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRANDI E., ALSO KNOWN AS BRANDI G.,
DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from an adjudication of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 18, 2009. Defendant was adjudicated a youthful offender upon a jury verdict finding her guilty of endangering the welfare of a child.

It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a youthful offender adjudication upon a jury verdict finding her guilty of endangering the welfare of a child (Penal Law § 260.10 [1]). We note as background that, in a prior trial concerning the same indictment, the jury acquitted defendant of two counts of assault in the first degree under circumstances evincing a depraved indifference to human life (§ 120.10 [3]), each of which arose from a separate incident. The jury, however, convicted defendant of a third count of that offense, which arose from a third incident, and one count of endangering the welfare of a child (§ 260.10 [1]), which was based upon all three incidents. Supreme Court vacated the conviction upon a subsequent CPL article 440 motion and directed a new trial upon the remaining assault in the first degree count and the endangering the welfare of a child count. Prior to the new trial, which is at issue here, defendant apparently moved to preclude the prosecution from presenting any evidence with respect to the two incidents that were the bases for the assault charges of which she was acquitted (two prior incidents) on the ground that admission of that evidence was barred by the doctrine of collateral estoppel. The court indicated that it would not preclude evidence of the two prior incidents at that time, but would rule upon any objection made by defendant during the trial. The court, in effect, denied defendant's motion when it permitted the People to introduce at the new trial evidence concerning the two prior incidents

over defendant's objections.

Defendant contends that the court violated the doctrine of collateral estoppel when it permitted the People to introduce at the new trial evidence related to the assault charges of which she was acquitted, i.e., evidence of the two prior incidents. We reject that contention. "Collateral estoppel originally developed in civil litigation, but it is now clear that the doctrine applies generally to criminal proceedings as well" (*People v Goodman*, 69 NY2d 32, 37; *see Ashe v Swenson*, 397 US 436, 443). "The doctrine of collateral estoppel, or issue preclusion, operates in a criminal prosecution to bar relitigation of issues necessarily resolved in defendant's favor at an earlier trial" (*People v Acevedo*, 69 NY2d 478, 484). Thus, the doctrine applies in a situation such as this, where at a prior trial there was a mixed verdict in which the jury acquitted a defendant of certain charges, but was unable to reach a verdict on the remaining charges (*see e.g. People v Marmorato*, 138 AD2d 410, 411, *lv denied* 71 NY2d 970). "Application of the collateral estoppel doctrine requires that the court determine what the first judgment decided and how that determination bears on the later judgment . . . The rule is easily stated but frequently difficult to implement because the meaning of a general verdict is not always clear and mixed verdicts may, at times, appear inherently ambiguous. Nevertheless, the court must assume the jury reached a rational result . . . , and a defendant claiming the benefit of estoppel carries the burden of identifying the particular issue on which he [or she] seeks to foreclose evidence and then establishing that the fact finder in the first trial, by its verdict, necessarily resolved that issue in his [or her] favor" (*Goodman*, 69 NY2d at 40; *see e.g. People v Johnson*, 14 AD3d 460, 461-462). "Defendant's burden to show that the jury's verdict in the prior trial *necessarily* decided a particular factual issue raised in the second prosecution is a heavy one indeed, and as a practical matter severely circumscribes the availability of collateral estoppel in criminal prosecutions . . . '[I]t will normally be *impossible* to ascertain the exact import of a verdict of acquittal in a criminal trial' " (*Acevedo*, 69 NY2d at 487; *see People v Cole*, 306 AD2d 558, 561, *lv denied* 100 NY2d 515; *cf. People v Rossi*, 222 AD2d 717, 717-718, *lv denied* 88 NY2d 884).

Here, we conclude that the court properly denied defendant's motion to preclude the evidence regarding the two prior incidents. Inasmuch as the endangering the welfare of a child count of which she was convicted in the prior trial was based in part on the two prior incidents that were the bases for the two assault counts of which she was acquitted, it is possible that the jury in the prior trial concluded that defendant was involved in those incidents but that her actions did not evince a depraved indifference to human life, a necessary element of the assault counts. Consequently, we conclude that defendant failed to meet her heavy burden of "establishing that the fact finder in the first trial, by its verdict, necessarily resolved that issue in [her] favor" (*Goodman*, 69 NY2d at 40).

Defendant's contention that the evidence is legally insufficient to support her conviction is not preserved for our review because her

motion for a trial order of dismissal "was not specifically directed at the same alleged shortcoming in the evidence raised on appeal" (*People v Brown*, 96 AD3d 1561, 1562, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; see *People v Myers*, 100 AD3d 1567, 1567). In any event, that contention is without merit inasmuch as the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), establishes that defendant failed to obtain medical treatment for her infant daughter after she stopped breathing (*see People v Lewis*, 83 AD3d 1206, 1207, *lv denied* 17 NY3d 797; *see generally People v Matos*, 19 NY3d 470, 475-477; *People v Mayo*, 4 AD3d 827, 827-828).  Thus, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).  Additionally, viewing the evidence in light of the elements of the crime of endangering the welfare of a child as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, although a prospective juror initially made statements indicating that she might have "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]), "she ultimately stated unequivocally that she could follow the law and be fair and impartial" (*People v Gladding*, 60 AD3d 1401, 1402, *lv denied* 12 NY3d 925; *see generally People v Chambers*, 97 NY2d 417, 419; *People v Arnold*, 96 NY2d 358, 362).  Thus, the court did err in denying defendant's challenge for cause to that prospective juror (*cf. People v Johnson*, 94 NY2d 600, 614-615).

We have considered defendant's remaining contentions and conclude that none requires reversal or modification of the adjudication.

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court