People v Stewart (2025 NY Slip Op 00993)

People v Stewart

2025 NY Slip Op 00993

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-08783
 (Ind. No. 70688/21)

[*1]The People of the State of New York, respondent,
v
Rodarie Stewart, appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered October 17, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), criminal possession of a firearm (id. § 265.01-b[1]), and criminal possession of a weapon in the fourth degree (id. § 265.01[1]). The defendant subsequently entered a plea of guilty to criminal possession of a firearm and was sentenced to a term of incarceration of 364 days pursuant to a plea agreement.
Since the defendant abandoned his contentions before the Supreme Court that the offenses underlying the indictment are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), these contentions are unpreserved for appellate review (see People v Morales, 199 AD2d 284, 284; see also People v Cabrera, 41 NY3d 35, 42-51; People v Chase, 223 AD3d 913, 913). In any event, the defendant's contentions are without merit, as the ruling in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Manners, 217 AD3d 683, 686).
In light of our determination, we need not consider the parties' remaining contentions.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court