People v Kent (2025 NY Slip Op 01014)

People v Kent

2025 NY Slip Op 01014

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

113315 CR-24-0008
[*1]The People of the State of New York, Respondent,
v
William Kent, Appellant.

Calendar Date:January 9, 2025

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Lynch, JJ.

O'Connell and Aronowitz, Albany (Stephen R. Coffey of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered February 9, 2022, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (two counts) and criminal possession of a forged instrument in the second degree (seven counts), and (2) by permission, from an order of said court, entered December 8, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
During the relevant time frame, defendant owned K3 Works, Inc., which operated eight Domino's Pizza franchises in New York. In June 2019, utilizing the services of an out-of-state financial broker, defendant obtained a $250,000 business loan from a private lender. The initial funding of the loan involved the delivery to defendant of 11 Navy Federal Credit Union (hereinafter NFCU) cashier's checks payable to K3 Works, Inc. in varying amounts ranging in value from $5,321.12 to $30,920.15. All of the checks were delivered to defendant by two unidentified couriers in a grocery store parking lot in Schenectady County on or about June 11, 2019. From June 12-15, 2019, defendant deposited four of the checks at NBT Bank branches in Albany County; he also deposited six of the checks at Cap Com Federal Credit Union in Schenectady County, and an additional check at an NBT Bank branch in Schenectady County. Correspondingly, defendant also withdrew funds from the accounts in which he deposited the NFCU checks, each of which, as it turns out, was forged. Thereafter, defendant was charged in separate indictments brought in Albany and Schenectady Counties. The Schenectady County indictment, handed up January 6, 2021, charged defendant with two counts of grand larceny in the third degree and seven counts of criminal possession of a forged instrument in the second degree. The Albany County indictment, handed up April 9, 2021, charged defendant with one count of grand larceny in the third degree and four counts of criminal possession of a forged instrument in the second degree.[FN1]
A jury trial on the Albany County indictment commenced in August 2021. Defendant did not dispute that the checks forming the basis of that indictment were fraudulent. Instead, he testified that he had no knowledge of this fact at the time he deposited the checks and withdrew funds. Defendant was acquitted in full.
Four months later, a trial on the Schenectady County indictment ensued. At the outset, County Court denied the People's Molineux application seeking to admit evidence of defendant's conduct related to the Albany County checks, concluding that the People were collaterally estopped from using such evidence to establish his intent or a common plan or scheme given that he had been acquitted of the Albany County charges (see e.g. People v Williams, 163 AD3d 1418, 1419-1420 [4th Dept 2018]). During the ensuing trial, defendant took the stand and his testimony made clear that the seven checks he had deposited [*2]in Schenectady County were obtained as part of the same $250,000 loan transaction, were written by the same private-money lender and were given to him at the same time as the checks forming the basis of the Albany County indictment. Defendant again did not dispute that the checks were fake, but maintained that he had no knowledge of this fact. The People, for their part, elicited testimony from a certified fraud examiner, who opined that the timing of defendant's deposits and withdrawals was consistent with a check kiting scheme. Defendant was convicted as charged and sentenced to an aggregate prison term of 1&frac13; to 4 years.
Defendant thereafter moved to vacate his conviction pursuant to CPL article 440, arguing that the People were collaterally estopped from prosecuting him on the Schenectady County indictment after his acquittal on the Albany County charges and that defense counsel's failure to move for dismissal on this ground constituted ineffective assistance. The People opposed the motion, and County Court denied it without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL article 440 motion.[FN2]
Defendant's argument that the Schenectady County prosecution was barred by collateral estoppel is both unpreserved and inadequate for review on direct appeal, as he never moved for dismissal of the indictment on this ground and the argument relies on facts outside of the trial record (see People v Davila, 208 AD3d 694, 695 [2d Dept 2022], lv denied 39 NY3d 906 [2023]; People v Williams, 203 AD3d 1398, 1400 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]). Nevertheless, defendant attached a copy of the Albany County trial transcript as an exhibit to his CPL article 440 motion and raised his estoppel argument in the context of an ineffective assistance of counsel claim under CPL 440.10 (1) (h). We will review defendant's estoppel argument in that context on the appeal from the denial of his CPL article 440 motion (see People v Taylor, 156 AD3d 86, 90 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]).
Although a judgment of conviction may be vacated under CPL 440.10 upon a showing that a defendant was deprived of the constitutional right to the effective assistance of counsel (see CPL 440.10 [1] [h]; People v Hartle, 192 AD3d 1199, 1200-1201 [3d Dept 2021], affd 37 NY3d 1027 [2021], cert denied ___ US ___, 144 S Ct 383 [2023]), the trial court may summarily deny such motion where the moving papers do not present a legal basis for relief (see CPL 440.30 [4] [a]). "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Watkins, 42 NY3d 635, 640 [2024] [internal quotation marks and citations omitted], cert denied ___ US ___, 2024 WL 4655072 [Nov. 4, 2024]). This "typically involve[s] the failure to raise a defense so clear-cut and dispositive that no reasonable defense counsel would [*3]have failed to assert it, and it must be evident that the decision to forgo the contention could not have been grounded in legitimate trial strategy" (id. [internal quotation marks and citation omitted]).
Collateral estoppel applies in both civil and criminal proceedings (see People v Goodman, 69 NY2d 32, 37 [1986]) and precludes the "relitigation of issues necessarily resolved in [a] defendant's favor at an earlier trial" (People v Acevedo, 69 NY2d 478, 484 [1987]). In the criminal context, the doctrine is "embodied in the Fifth Amendment guarantee against double jeopardy," but is broader than double jeopardy in that it "prevent[s] the harassment of defendants by serial prosecutions for multiple offenses arising from a single act or group of acts," whereas double jeopardy "normally relates only to subsequent prosecutions involving the same offense" (People v Goodman, 69 NY2d at 37, 38). "Before collateral estoppel may be applied in a subsequent criminal case, there must be an identity of parties and issues[,] and a prior proceeding resulting in a final and valid judgment in which the party opposing estoppel had a full and fair opportunity to litigate" (id. at 38 [internal quotation marks and citations omitted]; see People v O'Toole, 22 NY3d 335, 338 [2013]; People v Aguilera, 82 NY2d 23, 29-30 [1993]; People v Acevedo, 69 NY2d at 485).
Emphasizing that the prosecutions in Albany and Schenectady Counties were pursued on behalf of "The People of the State of New York," defendant maintains that the "identity of parties" component of collateral estoppel has been established. We are not persuaded. It is true that a district attorney represents " '[t]he People' in the distinctive and customary usage of that term for prosecutorial purposes" (People v Kelly, 88 NY2d 248, 253 [1996]). That authority, however, has constitutional and statutory geographic limitations (see generally Matter of Juan C. v Cortines, 89 NY2d 659, 668-669 [1997] [explaining that "the source of authority of two government entities is not dispositive of whether they are in privity" for purposes of the identity-of-parties element of collateral estoppel, and that "the circumstances of the actual relationship . . . and their statutory relationship are relevant" considerations]). County Law § 700 vests a district attorney with the duty "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed" (County Law § 700 [1]; see NY Const, art XIII, § 13; Matter of Dondi v Jones, 40 NY2d 8, 19 [1976]). County Courts, in turn, have jurisdiction "over all crimes and other violations of law" (NY Const, art VI, § 11 [a]), with geographic jurisdiction over criminal conduct occurring in the county (see CPL 20.40 [1]). As observed by the Court of Appeals, "the office of District Attorney . . . ha[s] as its responsibility the enforcement, on a local level, of the penal laws of this State and representation of the [*4]people of this State in criminal matters arising within the county" (Matter of Kelley v McGee, 57 NY2d 522, 539 [1982]). As such, the checks defendant possessed and negotiated in Albany County fell within the authority of the Albany County District Attorney's office to prosecute in an Albany County court. Correspondingly, the checks defendant possessed and negotiated in Schenectady County fell within the authority of the Schenectady County District Attorney's office to prosecute in a Schenectady County court. On this record, the constitutional and statutory limitations on both a district attorney and a county court preclude a finding that there was an "identity of parties" for purposes of collateral estoppel (compare People v McGriff, 130 AD2d 141, 150-151 [1st Dept 1978]). For all practical purposes, it cannot be said that the Schenectady County District Attorney's office had a full and fair opportunity to participate in the Albany County prosecution. Not to be overlooked here is that six of the seven checks deposited in Schenectady County involved a different victim, i.e., Cap Com.
Mindful that "collateral estoppel is not as liberally applied in criminal prosecutions as in civil actions," we conclude that the acquittal on the Albany County indictment did not have collateral estoppel effect precluding prosecution of the Schenectady County charges (People v Acevedo, 69 NY2d at 485; see People v Aguilera, 82 NY2d at 30; People v Dean, 45 NY2d 651, 660 [1978]; People v Brandi E., 105 AD3d 1341, 1343 [4th Dept 2013], lv denied 122 NY3d 1154 [2014]; compare Ashe v Swenson, 397 US 436, 437 [1970]; People v Williams, 163 AD3d at 1419-1420). Accordingly, defense counsel did not deprive defendant of meaningful representation in failing to move for dismissal of the Schenectady County indictment on that ground, and County Court did not err in summarily denying his CPL 440.10 motion (see People v Byrd, 174 AD3d 1133, 1134 [3d Dept 2019], lv denied 34 NY3d 979 [2019]). Defendant's related argument that the Schenectady County prosecution was barred by CPL 40.20 (2) — New York's statutory double jeopardy rule — is both unpreserved and without merit, as the indictments pertained to separate criminal transactions involving different victims (see People v Lynch, 25 NY3d 331, 336 [2015]; People v Biggs, 1 NY3d 225, 231 [2003]; People v Rossi, 222 AD2d 717, 718 [2d Dept 1995], lv denied 88 NY2d 884 [1996]).
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment and the order are affirmed, and matter remitted to the County Court of Schenectady County for further proceedings pursuant to CPL 460.50 (5).

Footnotes

Footnote 1: The grand larceny count was dismissed before trial.

Footnote 2: This Court granted defendant's motion for a stay of judgment pending appeal and set bail at $25,000. Defendant posted bail and has been released during the pendency of this appeal.